WILLIAM SIGERSON, Respondent, v. HERMANN KAHMANN, Appellant.

*Contract—Sale—Delivery.*—The plaintiff sold to defendant 26 head of cattle, at a stock-yard, for a price agreed; defendant paid part of the purchase money, and was to pay the balance the next day to the keeper of the stock-yard, who was by agreement of parties to deliver the cattle upon payment of the balance; part of the cattle escaped before payment;—*held*, that the purchaser was liable for the payment of the balance of the purchase money. (See *ante* Williams v. Evans' Adm'r, 201.)

*Appeal from St. Louis Court of Common Pleas.*

*J. G. Wœrner,* for appellant.

*Isaac T. Wise,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

Respondent brought his action against the appellant in the St. Louis Court of Common Pleas for three hundred and sev-

enty-five dollars, being the balance claimed in a sale of 26 head of cattle. The evidence shows that appellant bought the 26 head of cattle of respondent for the sum of seven hundred and fifty dollars, and paid him twenty dollars on the bargain at the time. The cattle were in a stock-yard, and the contract was that the appellant should call next morning and take away the cattle, and pay the owner of the yard the balance of the purchase money. During the night, the cattle broke out of the yard and thirteen of them were lost; the appellant received and paid for those which did not make their escape, but refused to pay for those which were not found.

The court refused (very properly, we think) all the instructions asked for by either party, and gave the following : "If the jury find the plaintiff sold the 26 cattle in controversy to defendant for a price agreed on, and that defendant paid plaintiff part of the purchase money, and that the cattle were left in the possession of Daniels, and that he was by agreement of plaintiff and defendant to receive the balance of the purchase money and deliver the cattle to defendant next day, then defendant is liable for so much of the purchase money as remains unpaid." Under this instruction, the jury rendered a verdict for the plaintiff.

This very question of what constituted such a delivery in a contract of sale as would work a transference of the title of personal property and vest in the vendee, so as to subject him to any risk which might befall it when in the actual possession of some other person, has been examined and decided at this term of the court in the case of Williams v. Evans' Adm'r.

In the case here, the seller had performed his whole part of the contract, and the cattle were the property of the buyer. It is true the seller had a right of lien upon them, and could not be forced to surrender possession until payment of the price was made ; yet the cattle, nevertheless, were the property of the buyer. A full collection of the authorities

on this subject will be found in the note to Perkins' Ed. of Story on Sales, § 300.

When the vendor does not surrender actual possession of goods, his lien exists, although by his acts the title has passed by constructive delivery. A lien does not impart a right of property, but only a right of possession and detainer, and therefore a delivery which will pass the title will not necessarily destroy the lien—Sto. Sales, § 290; Arnold v. Delano, 4 Cush. 38.

With the concurrence of the other judges, the judgment is affirmed.