MAX GENTILLI, Respondent, v. ACHILLE STARACE, Appellant.

Defendant, a commission merchant, sold to plaintiff certain wines, then on the dock open to inspection. The contract of sale provided that the wines were "all to be in good merchantable order * * * to be approved by buyer within three days after delivery." In an action upon a note given for part of the purchase-price, the defense was that about three months after the sale the wine was discovered by chemical analysis to be imperfect and unsound; this analysis could have been made before acceptance. *Held*, that the acceptance and retention of the goods in the absence of any claim of fraud concluded the defendant; that there was no warranty which survived the time for approval allowed by the contract.

(Submitted March 24, 1892; decided April 12, 1892.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made June 1, 1891, which reversed a judgment in favor of defendant, entered upon the report of a referee, vacated the order of reference and granted a new trial.

This was an action upon a promissory note.

The facts, so far as material, are stated in the opinion.

*John N. Lewis* for appellant. The question "whether there is a warranty or not must depend upon the circumstances of each particular case." (*Hoe* v. *Sanborn*, 21 N. Y. 563; *Duffee* v. *Mason*, 8 Cow. 26.) Under the circumstances in this case there was an express warranty that the wine was intrinsically sound and free from latent defects. (*Reed* v. *Randall*, 29 N. Y. 358; *Ward* v. *Whitney*, 8 id. 446; *Miller* v. *H., etc., R. R. Co.*, 90 id. 433; *Moses* v. *Mead*, 1 Den. 378; *Hamilton* v. *Gaynard*, 34 Barb. 204; *Kelly* v. *Sentenue*, 59 Hun, 512; *Hawkins* v. *Pemberton*, 51 N. Y. 198.) It is claimed by the plaintiff that the clause of the contract, "The said goods to be approved by the buyer within three days after delivery," have reference not only to the outward appearance and condition of the wine and the packages containing it, but also to its intrinsic qualities; and that for this reason

the defendant is concluded by the lapse of the specified period of time before the discovery of the latent defects. This contention is not sound. (Benj. on Sales, § 796; *Kratzenstein v. Western*, 116 N. Y. 54.) We have here, then, an executory contract of sale, with a warranty as to the quality of the merchandise contracted for, and a subsequent discovery of defects, not open and visible, which constitute a breach. In such case the warranty survives acceptance; and the defendant may counter-claim his damages in an action upon a promissory note given for the price. (*Dounce v. Dow*, 57 N. Y. 16; *Marcus v. Thornton*, 2 J. & S. 412; *Day v. Pool*, 52 N. Y. 416; *Parks v. M. A. & T. Co.*, 54 id. 586; *Briggs v. Hilton*, 99 id. 517; *F. C. Co. v. Metzger*, 118 id. 260.)

*William J. Weldon* for respondent. There was no warranty expressed or implied in the contract. (*Hambilton v. Ganyard*, 34 Barb. 204; Benj. on Sales, §§ 911, 933; Story on Sales, § 249.) The defendant's undertaking to approve of the goods within three days after delivery bars him after the expiration of three months from claiming that the same was not in good merchantable condition. (*Ried v. Randall*, 29 N. Y. 358; *Bennett v. Buchan*, 76 id. 386; *Vietor v. Stroek*, 25 N. Y. S. R. 745; *Dutchess Co. v. Harding*, 49 N. Y. 32; *Jones v. McEwans*, 16 S. W. Rep. 81; *C. I. Co. v. Pope*, 108 N. Y. 232; *Moses v. Mead*, 1 Den. 378; *McCormick v. Sarsay*, 45 N. Y. 265; *Hal v. Sanborn*, 21 id. 552; *Smith v. Tervis*, 33 N. Y. S. R. 432; *Hunter v. Steege*, 35 id. 87.) If there was a defect in the wine at the time of sale and delivery it was discoverable by ordinary tests. (*Meagley v. Hoyt*, 26 N. E. Rep. 719.)

GRAY, J. The plaintiff, who was a commission merchant in New York city, sold to the defendant, who was engaged in the same business, certain wines through a broker; whose note of the sale stated it to be of "169 cases Prosperi's Chianti Wine, just arrived per S. S. 'Trinacria' at the prices and terms hereinafter mentioned, to wit (giving quantities and

prices).   *   *   *   All to be in good merchantable order. Delivery on steamer's dock. The said goods to be approved by buyer within three days after delivery. Terms, payment by notes for one-half the amount each, at 60 and 90 days respectively   *   *   *."

The first note was paid and the present action is to recover upon the second note. This recovery is sought to be defeated by the defense of a failure of consideration, in that the wine, some time after the sale was completed, was discovered to be imperfect and unsound and hence, as it is contended, an express warranty that the wine was intrinsically sound and free from latent defects was broken. This warranty, the appellant argues, was conveyed by these words in the broker's note of sale : " All to be in good merchantable order."

We think his appeal must fail, for the reason that the contract of sale nowhere expresses nor imports any agreement on the seller's part that the wine should be of any particular quality, or that any rights should survive to the buyer, after his acceptance, as against the seller, which would authorize him to attack the sale for defects in the condition of the wine, subsequently discovered. The wine was on the dock when sold and the complaint as to its unsoundness was made some three months afterward. It was justified by a chemical analysis of the wine made by a chemist, who gave it as his opinion that the wine had been bottled while in a state of secondary fermentation. This condition, though possibly latent to the casual or ordinary taste at times, is, nevertheless, it was said, discoverable always by chemical tests.

For the court to hold that upon this sale, so effected, there was conveyed a warranty to the seller, in the language used, that at any and all times subsequent to the acceptance of the wine it should, upon examination or test, be found a desirable article, free from latent defects or unsoundness, would, in my opinion, be an extreme and unwarranted application of the doctrine upon which the rights of purchasers are made to depend. It is the general rule in such cases that the existence of a warranty is to be determined by the circumstances of the

particular case.    That is the rule where a warranty is sought
to be implied.

Where application is sought to be made of words of war-
ranty in a contract, like these, they should be read in connec-
tion with the other language, and the warranty is to be
interpreted according to the particular circumstances of the
transaction.

In the present case, the plaintiff was not the manufacturer
of the wine.    It is not pretended that any fraud was practiced
by him.    The wine was on the dock subject to inspection, and
three days after delivery were specified in the memorandum
of sale as the time the buyer might take for approval.    No
knowledge was imputable to the seller, and the buyer's oppor-
tunities were quite as good as the seller's to judge of the wine
for quality and condition.    The buyer might have required
any other form of express warranty, as to the wine he was
about to purchase, than what he did ; but he was content with
a stipulation from the seller that it should all be "in good
merchantable order," and that he might have three days to
approve of it.

It might be said that a construction was placed upon their
contract by the acts of the parties, for, within three days after
the receipt of the wine in defendant's store, he made some
objections as to cases, which examination showed to be wine-
stained, and a claim was thereupon allowed by the plaintiff.

According to the evidence, and as in fact it was found by
the referee, a chemical analysis could have discovered the
alleged defects in the condition of the wine.

I think, under the circumstances of this case, where the
seller was not the manufacturer; where the article sold was
*in esse* and open to inspection and examination, and where
no fraud is charged, nor existed, and the buyer claimed and
was allowed his time to exercise his judgment and to approve
of the subject of the transaction of sale, the acceptance and
retention of the goods concluded him, and there was neither
warranty nor agreement by the seller which survived the
transaction.    The principle of this conclusion, I think, is

deducible from the authorities; several of which I cite without further reference. (*Parkinson* v. *Lee*, 2 East. 314; *Sprague* v. *Blake*, 20 Wend. 61; *Reed* v. *Randall*, 29 N. Y. 358; *Dounce* v. *Dow*, 64 id. 411.)

The contract in this case called for a delivery of that description of wine known as "Prosperi's Chianti wine," which should be "in good merchantable order," and was to be "approved by the buyer within three days." That kind of wine. was in fact delivered, and the merchantable order of the goods was a fact which, though warranted, was to be ascertained by the buyer for himself within the delay allowed. It was open to the buyer, if he distrusted his judgment, or if for any reason he wished it, to require an express warranty to cover the · quality, or other points about the wine. He did not do so and, under the terms of the contract of the parties, we should hold that as to the seller it was fully executed, and no warranty survived in favor of and available thereafter to the buyer.

For the reasons assigned the order appealed from should be affirmed, and, under the stipulation in the notice of appeal, judgment absolute should be ordered in favor of the plaintiff and against the defendant, with costs.

All concur.

Order affirmed and judgment accordingly.