WILLIAM KUHLER, Appellant, v. JOHN TOBIN,
Respondent.

### Kansas City Court of Appeals, April 1, 1895.

Replevin: TITLE: POSSESSION. Defendant sold plaintiff certain hogs to
be delivered at a definite time thereafter. Ten dollars in earnest
money was paid and an incomplete memorandum in writing of the
contract also was executed. Defendant without consent of plaintiff
disposed of some of the hogs. *Held,* plaintiff could maintain re-
plevin for the remainder since the property in the hogs passed to the
plaintiff at the time the contract was executed, and his right to the
possession accrued when defendant made a breach of his contract.

*Appeal from the Chariton Circuit Court.*—HON. W. W.
RUCKER, Judge.

REVERSED AND REMANDED.

*Louis Benecke, O. F. Smith* and *A. W. Mullins* for
appellant.

(1) The contract between the plaintiff and the
defendant was legal and valid. The payment of $10 by
plaintiff to the defendant in part payment of the pur-
chase price of the hogs and to bind the bargain fulfilled
the requirements of the statute to give validity to the
sale. And so the memorandum in writing, shown by the
evidence to have been signed by both parties, was suf-
ficient for that purpose. 2 R. S. 1889, sec. 5187, p.
1258. And in order to transfer the title of the prop-
erty actual delivery thereof by the defendant to the
plaintiff was not essentially necessary. *Harding v.
Manard,* 55 Mo. App. 364; *Nance v. Metcalf,* 19 Mo.
App. 183; *Hamilton v. Clark,* 25 Mo. App. 428; *Cun-
ningham v. Ashbrook,* 20 Mo. 553; Tiedeman on Sales,
sec. 84. The plaintiff was entitled to the possession of

the hogs and his action was properly brought. Defendant had killed ten and disposed of two others of them and had also notified plaintiff he could not have the hogs. The plaintiff, being the purchaser and having thereby acquired the title to the hogs, was entitled to the possession of them, as shown by the facts in the case. Wells on Replevin, sec. 122, p. 72; *Ibid.*, sec. 39, p. 28; Cobbey on Replevin, sec. 288, p. 140.

No brief for respondent.

ELLISON, J.—This action is for the possession of forty-two head of hogs. A demurrer to the evidence for plaintiff was sustained and he has appealed.

It appears that defendant had fifty-four head of hogs running with some cattle in a lot on his farm, and that he sold them to plaintiff on December 2, at five cents per pound, to be delivered when defendant shipped his cattle, which was to be between the date of sale and the first of March thereafter. An incomplete memorandum in writing was made of the contract; $10 was paid thereon and the hogs were to be weighed and delivered at plaintiff's house. There was a large advance in the price of hogs and defendant, without the consent of plaintiff, disposed of ten or twelve of them, before this suit was brought. After this action was instituted and just before service of the writ, defendant told plaintiff that the hogs were getting sick and for him to come and take them, plaintiff replying that he would. Before the suit was brought, plaintiff had demanded the hogs. When plaintiff had the writ levied, defendant was in the act of driving the hogs off, and they were taken on the highway by the sheriff. Our opinion is that the court committed error in sustaining the demurrer to the evidence. As between these parties, under the circumstances detailed in evi-

dence, the property in the hogs passed to the plaintiff at the time the contract was executed. *Toney v. Good-ley*, 57 Mo. App. 241, 247. And plaintiff's right to the possession accrued when defendant made a breach of his contract.

There is something (though very indefinite) in plaintiff's abstract, as to the hogs having been sold to one Wren, and of his being in possession when they were taken by the sheriff. However this may be, this action is between the original parties, and if Wren, as a third party, has any rights in the controversy, he will doubtless have an opportunity of asserting them.

The judgment is reversed and the case remanded. All concur.