## AMERICAN FORCITE POWDER MANUF'G CO. v. BRADY.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

SALE—LATENT DEFECTS—IMPLIED WARRANTY.
Where a seller of goods is not the manufacturer, and the purchaser knows such fact, in the absence of express warranty, or of fraud on the part of the seller, he is not responsible for latent defects in the goods sold.

Appeal from circuit court, New York county.

Action by the American Forcite Powder Manufacturing Company against John Brady. Judgment on a verdict for defendant. From such judgment, and from an order denying motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

A. H. Smith, for appellant.
S. G. Adams, for respondent.

VAN BRUNT, P. J. This action was brought to recover an alleged balance due upon an account for goods, wares, and merchandise claimed to have been sold by the plaintiff to the defendant. The answer admitted the purchase of certain goods specified in the complaint during the times therein stated, and alleged as a counterclaim and set-off that the goods so purchased by him were for blasting purposes, of which fact the plaintiff was well aware at the time of the sale, and sold to defendant said goods to be used for such purpose, warranting the same to be fit and suitable therefor, and that, relying upon such warranty, the defendant accepted the goods; that a portion of the goods were entirely worthless, and unfit for such purpose, and the defendant in the use thereof sustained great damage, for the amount of which judgment was prayed. At the commencement of the trial, when objection was taken to certain testimony as to the use of this merchandise, the court laid down the rule of law which was to govern during the progress of the trial, and stated that he did not understand that there was any express warranty, except that the defendant bought the powder for blasting, and the plaintiff knew it was for blasting, and, if the plaintiff sold it for blasting, there was an implied warranty that it was suitable for blasting. Exception was taken to this ruling, and the trial proceeded upon the basis that, if the plaintiff knew that these goods were to be used for blasting, there was an implied warranty that they were suitable for such purpose. There is no proof that the defendant understood the plaintiff to be the manufacturer of these goods. Indeed, the evidence shows that he knew that the plaintiff was simply a dealer in the goods, purchasing them from the manufacturers, and delivering them to purchasers in the same condition and in the same packages in which they purchased them from the manufacturers. As we understand the law to have been established by a long line of decisions, the latest of which seems to be the case of Gentilli v. Starace, 133 N. Y. 140, 30 N. E. 660, it is that where the vendor is not the manufacturer, and the purchaser knows this

fact, in the absence of proof of an express warranty, or of fraud or deceit upon the part of the seller, he is not responsible for latent defects. In the case of a purchase of this description the purchaser knows that the dealer relies upon the character and reputation of the manufacturer, and the purchaser has the same opportunity of determining as to any latent defects in the merchandise as the seller; and consequently, under such circumstances, the rule of caveat emptor applies. But where goods are manufactured for a specific purpose, there the person manufacturing them has the opportunity of knowing how the goods are made, whether there are any latent defects or not; and the law raises an implied warranty upon the part of the person manufacturing goods for a specific purpose that they are suited for that purpose. Our attention is called by the learned counsel for the respondent to the cases of Swain v. Schieffelin, 134 N. Y. 471, 31 N. E. 1025, and Van Wyck v. Allen, 69 N. Y. 71, as establishing the proposition that, where goods are sold for an express purpose, known to the vendor, there is an implied warranty against latent defects rendering them unfit for such purpose. The cases cited, however, establish no such proposition. Swain v. Schieffelin was the case of a manufacturer, and in Van Wyck v. Allen there was an express warranty. The rule seems to be well established that a dealer does not impliedly warrant against latent defects, except where the sale of the article by him is in and of itself legally equivalent to a positive affirmation that the article has certain inherent qualities inconsistent with the claimed defects, as in the case of the sale of provisions for domestic use. We think, therefore, that the learned court erred in holding that there was an implied warranty, the goods in question not having been manufactured by the plaintiff.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.