JAMES WREN, Respondent, v. WILLIAM KUHLER, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Sales**: RESCISSION: RESALE: SCIENTER. Where one has knowledge of a sale for future delivery and also knowledge of vendee's repudiation thereof, he has a right to buy of the vendor.

2. ———: POSSESSION: PAYMENT. Where one is in possession of hogs bought at an agreed price per pound, taking them to the scales to weigh so as to ascertain the amount due for them, he has sufficient possession to maintain replevin for their wrongful taking, although he has not paid any purchase money.

3. **Appellate Practice**: INSTRUCTIONS: INVITED ERROR. Where the respondent's instructions are correct, the appellant can not complain of error in his own.

*Appeal from the Chariton Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*L. Benecke, O. F. Smith,* and *A. W. Mullins* for appellant.

(1) The defendant Kuhler by his purchase of the hogs in question from John Tobin obtained the title thereto. *Kuhler v. Tobin,* 61 Mo. App. 576. (2) The alleged purchase of the hogs in controversy was made by the plaintiff Wren from John Tobin with actual notice and knowledge by Wren that the defendant William Kuhler had theretofore bought the same hogs from Tobin and made him a payment on the purchase to bind the bargain. With such knowledge Wren was not and could not be a *bona fide* purchaser. To be a *bona fide* purchaser, three things must be established: *First,* he must show that he has acquired the property by voluntary or involuntary transfer from the former owner; *second,* the property or an interest therein must be acquired for a valuable consideration; *third,* he must take the property in good faith and without notice of the defect in his vendor's title. Tiedeman on Sales, sec. 329. (3) The plaintiff Wren had paid nothing whatever on the hogs when the defendant Kuhler replevied them, nor had Wren at that time assumed any liability in anywise on account of his purchase, and therefore Wren's purchase can not be upheld for want of consideration. Tiedeman on Sales, sec. 329, p. 533; *Barnard v. Campbell,* 58 N. Y. 76. "And he is a *bona fide* purchaser only to the extent of the consideration, which was transferred before learning of the defect of title." Tiedeman on Sales, sec. 329, pp. 534, 535; *Devoe v. Brandt,* 53 N. Y. 462, 466; *Lynch v. Beecher,* 38 Conn. 490; *Matson v. Melchor,* 42 Mich. 477; *Greenlee v. Marquis,* 49 Mo. App. 294; *Arnholt v. Hartwig,* 73 Mo. 485; *Paul v. Fulton,* 25 Mo. 156, 163.

*J. A. Collet* and *Crawley & Son* for respondent.

(1)  Appellant's contention that the decision of this court in the case of *Kuhler v. Tobin*, 61 Mo. App. 576, was conclusive of the title as between Wren and Kuhler, is contradicted by the express language of the decision itself.    (2)  Kuhler paid $10 earnest money on a contract which he says bound him "to take the hogs whenever they were ready."  If this was so, the risk was his and he was bound to take the hogs sick or well. If he refused to receive them because they were sick, as testified to by Tobin, then Tobin at his own election had the choice of three remedies.  He could rescind the contract and keep the hogs as his own; or stand on the contract and sue for the full contract price; or sell the hogs to whomsoever he pleased and sue for the difference, if any, between market value and the contract price.  He elected to sell the hogs, and such sale passed an absolute title to the purchaser.  *Lumber Co. v. Lumber Co.*, 51 Mo. App. 555; *Anderson v. Frank*, 45 Mo. App. 482;  *Vail v. R'y*, 28 Mo. App. 372. (3)  The sale to Wren was valid and complete notwithstanding the weight of the hogs and the precise amount of money to be paid had not been ascertained before the hogs were seized by the sheriff.  *Cunningham v. Ashbrook*, 20 Mo. 553; *Hamilton v. Clark*, 25 Mo. App. 428.

ELLISON, J.—This is an action of replevin for a lot of hogs. Plaintiff recovered in the trial court. The hogs are the same that were in controversy in the case of *Kuhler v. Tobin*, 61 Mo. App. 576.  Tobin owned the hogs and had sold them to defendant Kuhler, to be delivered at a future time.  As it appeared in the case of *Kuhler v. Tobin*, the former had demanded the hogs of the latter, but the latter did not deliver and was in

the act of disposing of them or driving them away
when the former replevied them and received posses-
sion of them from the sheriff.  Thereupon this plain-
tiff instituted the present action of replevin against
Kuhler, claiming that he was the owner of the hogs
and in possession of them under a purchase from Tobin
when Kuhler replevied them in the other case.

.There was evidence tending to show, and since the
verdict was for plaintiff we will assume it is a fact, that
though plaintiff knew there had been a sale and agree-
ment to deliver between Tobin and Kuhler yet that the
latter had repudiated the transaction and refused to
take the hogs of Tobin, and that after
SALES: rescission: Kuhler's refusal this plaintiff bought the
resale: scienter. hogs of Tobin, and was in possession of
them, driving them to a pair of scales to be weighed,
when they were taken by Kuhler under his replevin
suit against Tobin.  The court, in effect, instructed the
jury that although Kuhler may have bought the hogs
of Tobin for future delivery, and that plaintiff knew
it, yet if the jury believed that Kuhler afterward repu-
diated the contract and refused to take the hogs, that
plaintiff had a right to buy them of Tobin.  In our
opinion this direction to the jury was correct.

II.    But plaintiff, though in possession, had
not paid anything to Tobin when Kuhler took them
under his replevin against Tobin.  Plain-
——: possession: tiff had, however, agreed with Tobin on
payment. the price per pound and was taking the
hogs to the scales for weighing, so as to ascertain
what sum would be due Tobin under the terms of the
sale.  This was sufficient to vest. title in plaintiff.
*Cunningham v. Ashbrook*, 20 Mo. 554; *Hamilton v.
Clark*, 25 Mo. App. 428; *Toney v. Goodley*, 57 Mo.
App. 235.

Wren v. Kuhler.

Some of defendant's instructions should not have been given since they omitted hypotheses which should have been included, but those given for plaintiff were correct and defendant can not complain of error in his own favor invited by himself. The judgment must be affirmed. All concur.

APPELLATE practice: instruction: invited error.