REDLANDS ORANGE GROWERS ASSOCIATION, Appellant, v. JOHN GORMAN, Respondent.

St. Louis Court of Appeals, January 18, 1898.

1. Contract: DELIVERY OF PERSONAL PROPERTY: ACCEPTANCE BY VENDEE: SALE.  Where time is made the essence of the contract delay beyond the stipulated time in the shipment or delivery of goods does not preclude the vendee from accepting them.

2. ——: ——: ——: DAMAGES.  If the vendee does accept goods after the stipulated time and is damaged by reason of delay in shipment, and he has paid the purchase money, he may bring this action and recover his damages.

3. ——: ——: ——: ——: ACTION: WARRANTY.  If he has not so paid the purchase money, he may recoup his damage when sued for the purchase price.  The authorities treat such a stipulation in the nature of a warranty, or condition precedent that the goods will be shipped or delivered within the stipulated time.

4. ———: ———: ———: —·—: CONSTRUCTION OF CONTRACT OF
SALE. In determining whether stipulations 'as to the time of per-
formance of a contract of sale are conditions precedent, the court
seeks to discover the intention of the parties, and if time appears,
from the languages used and the circumstances, to be of the essence
of the contract, stipulations in regard to it will be held conditions
precedent.

5. ———: ———: ———: ———: EVIDENCE. In the case at bar it
was the evident purpose and intention of the parties that the ship-
ment should be made at the stipulated date so that the oranges
might reach St. Louis in time for defendant to get the advantage of
the better prices for such fruit, which usually prevails at the begin-
ning of the holidays.

*Appeal from the St. Louis City Circuit Court.*—HON.
L. B. VALLIANT, Judge.

AFFIRMED; Judge BLAND concurring; Judge BOND
dissenting in separate opinion filed.

CERTIFIED TO SUPREME COURT.

L. R. WILFLEY for appellant.

The purchaser of goods under a contract of sale
waives his rights to damages resulting from a breach of
the contract if he accepts the goods without objection
or protest after he has full knowledge of all the facts
constituting the breach. Quality.—This is the rule
when the breach results from a deficiency in the quality
of the goods, Comstock v. Sanger, 51 Mich. 497;
Lyon v. McDonald, 51 Mich. 443; Haase v. Nonne-
macher, 21 Minn. 486; Maxwell v. Lee, 34 Minn. 511;
Heydecker v. Lombard, 7 Daly, 19; Kellog v. Den-
slow, 14 Conn. 411; Allison, Smith & Johnson v.
Vaughan, 40 Iowa, 421. Time. The rule also applies
when the damages complained of result from a delay
in shipment. Bock v. Healy, 8 Daly, 156; Reed v.
Randall, 29 N. Y. 358; Smith v. Gugerty, 4 Barb.

615; Adams v. Helm, 55 Mo. 471; Hill v. McDonald, 17 Wis. 97; Ramsey v. Tully, 12 Ill. App. 463; Baldwin v. Farnsworth, 1 Fairf. 414; Hilliard on Sales [3 Ed.], 215. There is a fundamental difference between a breach of warranty and a breach of contract; the distinction being that under a breach of warranty, acceptance without protest, with knowledge of the breach, does not constitute a waiver of damages, while under a breach of contract such acceptance does operate as a waiver. Reed v. Randall, 29 N. Y. 358; 2 Benjamin on Sales, secs. 803, 1261, 1254; Greenthal v. Schneider, 52 How. 133; Hopkins v. Appleby, 1 Stark, Ca. 477; Percival v. Blake, 2 Car. & Payne, 514; Fisher v. Samunda, 1 Camp. 190.

D. P. DYER for respondent.

There is but one question, if there be a question at all, arising in this case, and that is simply this: "Did the acceptance of the oranges by the respondent, without protest at the time, cut him off from the defense which is otherwise admitted to be good?" Putting the question in a different form it may be stated as follows: "Did the acceptance and sale of the oranges by the respondent, without protest at the time, amount to a waiver upon his part of the right to claim damages for failure upon the part of appellant to deliver the same at the time specified in the contract?" At the outset, we call the attention of the court to the fact that delay beyond a stipulated time in the delivery of goods sold operates in two ways: *First.* It warrants a rescission of the contract upon the part of the vendee. *Second.* It entitles the vendee to go on with the contract and claim damages. Now, as to the first of these, it is clear that a right of rescission can be readily waived and that it is waived by a recognition

of the continuance of the contract with knowledge of the ground of rescission and that an acceptance by the vendee with knowledge of delay in the delivery, therefore operates as a vaiver of the objection when it is insisted upon for the purpose of rescission. If the courts have not fully and finally settled the identical question involved in this case, it is, we respectfully submit, high time that they should. Here is a conceded injury to the respondent, caused solely by failure and neglect upon the part of the appellant to comply with its contract to deliver the goods within a specified time. And after the goods are received and sold by the vendee at a conceded loss, admitted to have been caused solely by the failure of the vendor to comply with its contract, it is insisted that the vendee is without remedy under the agreed facts in this case. The law, as well as good conscience, sustains the position of the respondent in this case. We submit that the judgment of the lower court was right and should be affirmed.

BIGGS, J.—The plaintiff sues for $486.50. The defendant set up in his answer a counterclaim for $450 as damages, growing out of the failure of the plaintiff to ship the goods within the time stipulated in the contract. A jury was waived and the cause submitted to the court on the following agreed statement of facts:

"1. The plaintiff is a corporation organized under the laws of the state of California.

"The defendant is a citizen of the state of Missouri and a resident of the city of St. Louis, and engaged in the business of a merchant at said city under the name and style of John Gorman & Bro.

STATEMENT.

"2. On the 19th day of December, 1895, the plaintiff contracted to sell to the defendant two car

loads of oranges, to wit, one car to contain three hundred boxes of Fancy Redland Naval Oranges at the price of two dollars and fifty cents per box; the other car to contain three hundred boxes of Fancy Redland Seedling Oranges at the price of one dollar and seventy-five cents per box.

"3. The plaintiff at the time of said sale specially agreed with the defendant as part of said contract to deliver said oranges free on board of railroad cars at Redlands, California, and to cause the same to be shipped to the defendant, not later than December 21st, 1895, as the defendant desired the oranges at St. Louis as early as possible, of which the plaintiff was at the time of said contract informed.

"4. The said oranges were not delivered on said cars by the plaintiff on the 21st of December, 1895, and were not shipped to the defendant on that date, but said oranges were (without the knowledge or consent of the defendant) delivered by plaintiff on board of cars at Redlands and by him caused to be shipped to the defendant on the 23d and 24th days of December, 1895. One of said cars being loaded and shipped on the 23d and the other on the 24th day of December, 1895.

"5. At the time when said oranges arrived at St. Louis and when they were delivered to the defendant the market value of said oranges was four hundred and fifty dollars less than it was at any time at which said oranges would have arrived at St. Louis, or at which they would have been delivered to the defendant if they had been shipped within the time provided by said contract.

"6. The defendant received notice by letter from the plaintiff two days prior to the arrival of said oranges in St. Louis of the dates at which the same had actually been delivered at and shipped from Redlands, California.

"7. Upon the arrival of said oranges at St. Louis the defendant having notice of shipment as aforesaid accepted the same without objection or protest.

"8. The contract price of the oranges actually shipped as aforesaid amounted in the aggregate to the sum of $1,236. The defendant had paid to plaintiff of said amount the sum of $749.50 and refused and still refuses to pay the balance, to wit, $486.50, being the amount herein sued for.

"9. It is agreed if the defendant is entitled to any damages on its counterclaim the amount of $450 shall be allowed therefor, and in such case the judgment shall be in favor of plaintiff for $36.50 and costs, otherwise the judgment shall be for $486 with interest from the first day of January, 1896, and costs."

The court allowed the defendant's counterclaim and rendered judgment in favor of plaintiff for $36.50 and for costs. The plaintiff has appealed.

The position of the appellant is, that when goods are delivered out of time and the vendee accepts them without protest, he thereby waives his right to damages resulting from the breach of the contract, except where the goods are accepted of necessity—that is, where the surrounding circumstances are such as to make it necessary for him to accept in order to avoid the accumulation of much greater damage. We can not accede to this view of the law. We believe the law to be that where time is made the essence of the contract delay beyond the stipulated time in the shipment or delivery of goods does not preclude the vendee from accepting them. If he does so and is damaged on account of the delay and he has paid the purchase money, he may bring this action and recover his damage. If he has not so paid, he may recoup his damage when sued for the purchase price. The authorities treat such a stipulation in the

*TIME: essence of contract.*

nature of a warranty or condition precedent that the goods will be shipped or delivered within the stipulated time. (Beach Mod. Com. Law, sec. 616.) To hold in such a case that an acceptance out of time, without objection or protest, is a waiver by the vendee of his claim for damages resulting from the violation of the agreement, is to our minds unreasonable. With equal reason it could be said that where goods are bought with an express warranty of quality, and goods of an inferior quality are accepted by the vendee, that he thereby waives his right to rely on the warranty. All of the authorities are against that proposition.

Our views find ample support in the authorities. Lord Blackburn in his work on Contracts states the law on the subject as follows: "When the contract was to deliver goods at a certain date and that date is passed, the vendee may accept the goods and bring his action for any damages he may have actually suffered in consequence of the late delivery. He does not, by accepting a late delivery, waive any claim he may have for damages arising from the delay. Just as where, by accepting goods which were not up to the warranted quality, he does not waive his right to damages for breach of warranty."

Hare on Contracts states the rule thus: "When the thing tendered under an executory contract differs as regards time, quality, amount or kind from what the buyer agreed to receive, it may be declined and the breach treated as entire, or it may be accepted as so much on account of what the contractor agreed to do or render, and an action brought for the amount by which the performance falls short of the promise." This statement of the rule is subject to the qualification that time must be of the essence of the contract and there must be an express warranty as to the quality of the goods.

In the case of Dignan v. Spurr (3 Wash. 315), the supreme court of the state of Washington had the question before it. The court said: "Counsel contended that appellant waived no right to damages arising out of any delay in delivering the brick by respondent, notwithstanding they were accepted at a latter date than that fixed for their delivery by the agreement between the parties, and as we are inclined to the opinion that the objection is well founded."

So in the case of Whalon v. Aldrick (8 Minn. 359), the supreme court of Minnesota says: "The defendant, as the case shows, was entitled to have the logs in St. Croix Boom in 1857. Six or seven hundred thousand feet of them were not so delivered but were delivered the next year and received by the defendant. This acceptance did not cut off any claim the defendant had for the nondelivery of the logs at the contract time, but enters as an element into the question of what damages he was entitled to recover."

In the case of McMartin v. New York (108 N. Y. 553), the court says: "The contention that where there is a breach of contract by one party and the other thereafter is permitted to perform the same in part, receiving the contract price for such part performance, the injured party thereby waives or releases his right to damages for the breach has no foundation in reason or authority. It is undoubtedly the rule that where one party to a contract breaks the same the other party may stop and refuse further performance. But instead of doing so he may perform, so far as he is permitted, and then claim the damages he has suffered from the breach."

In Bagby v. Rivers (78 Md. 224), the supreme court of Maryland, said: "Mere acceptance of the lumber after the expiration of the time fixed in the agreement for its delivery was not of itself a waiver of the breach

committed by the failure to deliver it according to the terms of the contract; nor did such an acceptance preclude the vendees from subsequently suing to recover the damages resulting to them by reason of the nondelivery, from the time of default up to the date of acceptance; nor from recouping when sued by the vendors, those damages against the latter's claim for the purchase money.

So in Van Winkle v. Wilkins, 81 Ga. loc. cit. 104, the supreme court of Georgia expressed the same view. It said:

"It was urged in the argument that receiving the material was a waiver both of its defects and of damages resulting from its nondelivery in due time. Why so? * * * Under the circumstances there was no obligation to return the machinery or to offer to return it. * * * As to the damages resulting from delay, these had already been sustained when the mill was received; its reception in so far as it affected them at all could only hinder more from accruing; it certainly could not increase them. There was no inconsistency between reception of the machinery and retention of the claim for damages on account of delay to furnish it by the time stipulated. To hold that there was a waiver by implication would be very unreasonable. To the same effect is Gaylord v. Karst, 17 N. Y. 720.

In the case at bar it was stipulated that the oranges should be shipped not later than the twenty-first of December. Was the time of shipment intended to be of the essence of the contract? If so, then the stipulation must be construed as a warranty or condition precedent, and not a mere representation. The doctrine of the foregoing cases must rest on this distinction. On no other principle can they be distinguished from

STIPULATION as to time is a warranty or condition precedent.

the cases which hold that in the absence of an express warranty as to quality, an acceptance of goods of an inferior quality to those bargained for will be held to be a waiver of the breach of the contract. "In determining whether stipulations as to the time of performance of a contract of sale are conditions precedent, the court seeks to discover the intention of the parties, and if time appears, from the language used and the circumstances, to be of the essence of the contract, stipulations in regard to it will be held conditions precedent." Beach, Mod. Com. Law, sec. 618. There is no difficulty in determining the question in the present case. It was the evident purpose and intention of the parties that the shipment should be made at the stipulated date so that the oranges might reach St. Louis in time for defendant to get the advantage of the better prices for such fruit, which usually prevails at the beginning of the holidays.

The appellant cites in support of its position Beck v. Healy, 8 Daly, 156. That case declares the law as appellant contends. The opinion does not attempt to discuss the question on principle, but merely decided that where goods are delivered out of time, the vendee by accepting them without protest, waives his claim for damages for breach of the contract. The other authorities relied on hold, that in executory contracts for the sale of goods if there is no express warranty as to kind or quality, the vendee must examine the goods promptly, and if they are not according to contract, he must return them to the vendor. Failing in this he will be held to have waived his objection to the quality of the goods. This we concede to be the law, but we deny its application in the present case.

The judgment will be affirmed. Judge BLAND concurs in this opinion as written; Judge BOND dissents and is of the opinion that the decision is opposed

to that of the supreme court in the case of Estel v. R. R., 56 Mo. 282. The cause will therefore be certified to the supreme court for final determination.

### DISSENTING OPINION OF JUDGE BOND.

While there is a different classification of warranties in England and America, yet in both jurisdictions there is an essential distinction between a warranty and a "condition precedent" to the formation of a contract of sale. Upon the latter the legal existence of the contract is hinged. The former presupposes a valid contract for the transfer of the title to goods to which it becomes a part only by a collateral agreement, express or implied, between the seller and buyer. A sale may be complete without a warranty. It can not exist without the performance (or waiver thereof) of a condition precedent. Benjamin on Sales, sec. 610; American notes to this section, p. 622. A stipulation as to time in mercantile contract *is* one that goes to the essence of the agreement; "that is to say, a condition precedent, upon the failure or nonperformance of which the party aggrieved may repudiate the entire contract." Cleveland Rolling Mill v. Rhodes, 121 U. S. Rep. 254–261; Jones v. U. S., 96 U. S. Rep. 24; Remmel v. Wingate, 103 Mass. 327; R'y v. Boestler, 15 Iowa, 555. In the agreed facts in this case it is conceded that oranges of the kind, quality and quantity, purchased by defendant were started two days late from the point of shipment; that plaintiff, by letter, notified defendant of this fact two days before the fruit arrived at its destination in St. Louis; that upon its subsequent arrival defendant "*accepted the same without objection or protest.*" Despite this showing the trial court gave judgment on defendant's counterclaim, to plaintiff's action for the contract

price, for the amount of the decline in the market of the price of such goods during the two days' delay in their arrival. I can not affirm this judgment. The particular date of shipment specified was a part of the contract between the parties, and in law, as we have seen, became a condition precedent to the completion of the contract of sale by the seller. When plaintiff broke the contract in this respect and notified defendant of such breach, defendant had the right, either to repudiate the entire contract, or to accept the belated shipment as a performance of the agreement as to time. Defendant did not have the right, in the absence of warranty or fraud, to take the goods, without objection and with full knowledge of the delay, thereby claiming *under* the contract and at the same time withhold a part of the contract price for *breach* of the contract. A party who has accepted and made his own the benefit of a contract can not avoid its obligations as to himself by his own act. The rule on this subject is no where better stated than by a recent text writer, to wit: "In an executory contract for the sale of goods, in the absence of fraud or warranty, the right of the vendee to claim damages, set up as a defense to an action for the purchase price, or by way of counterclaim, does not survive a delivery of the goods by the seller and an acceptance by the purchaser. The retention of the property by the purchaser without objection is an admission on his part that the contract has been performed." Beach on the Modern Law of Contracts, sec. 419; Reed v. Randall, 29 N. Y. 358; affirmed in 108 N. Y. loc. cit. 236; 115 *Ibid*, 325; 117 *Ibid*, 531; 130 *Ibid*, 480; Gentilli v. Starace, 133 N. Y. 140; Crawford v. Elliott, 78 Mo. 497; Stevens v. Mackay, 40 Mo. 224; Lumber Company v. Warner, 93 Mo. loc. cit. 386; Estel v. R. R., 56 Mo. 282. In the case last cited time was counted

as an element of the agreement to furnish railroad ties at a certain price. They were not furnished within the specified time, nor an agreed extension thereof. The vendor sued for the contract price, claiming a waiver by the vendee of delivery, within the time specified in the contract.

It was held that the reception and use of the ties after the date fixed for their delivery obligated the vendee to pay the full contract price, and a judgment therefor in favor of plaintiff was affirmed. The decision in that case involves the precise question in the one under review. The defendant here took and used the oranges, knowing at the time they were two days late in shipment, and of the fall in the market price at the time he accepted them; he made no objection or protest either on account of the late delivery, or the declension in the market, but appropriated them to his own use without in any way qualifying his acceptance by notice to the vendor that he claimed damages. The only conclusion to be deduced from these facts is a waiver on the part of the defendant of the performance by plaintiffs of the condition precedent in their contract as to the shipment of the oranges on the day specified. Under the doctrine of the case last cited defendant was not entitled when sued for the purchase price to assert a claim for damages on account of a belated delivery.

The ground of this rule is, that there is no distinction in reason or principle, between the effect of a waiver by acceptance of the inferior quality of goods sold, and a loss owing to a fall in the market at the time of a belated delivery.

In each instance the entire contract may be repudiated for noncompliance with its terms; but if this option is not exercised by the buyer, why should his right to recover damages for loss in quality be cut off

after acceptance (as is the universal law), while his right to recover damages for a loss caused by a delivery out of time, should not be cut off after acceptance of the goods with full knowledge of the delay in the delivery and the loss thereby caused, and without objection on either ground? In both cases the buyer knows that the loss is occasioned by nonperformance of the contract. The actuality of the loss is the same, whether caused by a fall in the market, or inferiority in the product. As it proceeds from the same source and is equally certain, no valid reason can be given for a distinction in the two cases as to the effect of a waiver by acceptance with full knowledge. The logical result is that the rights and duties of the buyer depend upon the same legal principles, where he has waived the performance of a contract of sale, whether relating to the character of the goods, or the time of their delivery. In my opinion the decision of the majority of the court is opposed to this view and the accordant decisions herein cited of the supreme court of this state, hence I have asked the case to be certified to that tribunal for final determination.