FROST-TRIGG LUMBER COMPANY, Appellant, v. FORRESTER & POWELL, Respondents.

St. Louis Court of Appeals, April 2, 1907.

SALES: Delivery: Time Essence of Contract. In an action for the value of a carload of lath, where the evidence showed that the time of the delivery of the lath was the essence of the contract of sale, the failure of the plaintiff to deliver in the time agreed, gave the defendant the right to repudiate the whole contract and refuse to accept the lath when delivered. .

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*W. D. Jones* and *C. H. Shubert* for appellant.

The contract involved in the order for the car of lath, having been duly executed by plaintiff by a delivery of the goods to the carrier four days before the defendants attempted to countermand the order, the defendants have no right of rescission or to refuse the goods. 24 A. & E. Ency. Law, 612 et seq; Schraff v. Meyer, 133 Mo. 428; Garden Cul. Co. v. Railway, 64 Mo. App., 305; Comstock v. Affoelter, 50 Mo. 411; Meyer v. McMahan, 50 Mo. App. 18.

*J. B. Harrison* for respondents.

BLAND, P. J.—The action is to recover the purchase price of one car load of No. 2 lath. The evidence

shows that defendants are lumber merchants at St. James, Phelps county, Missouri. Plaintiff is a Missouri corporation and is a dealer in lumber at Shreveport, in the State of Louisiana. On October 11, 1903, J. G. Wells, a traveling salesman for plaintiff, entered the office of defendants at St. James and solicited their order for lumber. Defendants testified that at the time they had accepted orders for lath which they had agreed to fill within the next five or six days, but had no lath on hand with which to fill said orders. Defendants informed Wells of these facts and agreed to give him an order for a carload of lath, provided he would guarantee the arrival of the car in five days. Wells, according to defendants' evidence, stated that plaintiff had a large amount of lath on hand and a car could be loaded immediately and would arrive at St. James in five days. Upon this assurance, defendants gave the order for one carload of No. 2 lath. Wells immediately telegraphed the order to plaintiff at Shreveport, and the order was mailed by plaintiff at Shreveport to the Union Saw Mill Company at Huttig, Arkansas, with instructions to ship, and was received by the Sawmill Company on October thirteenth. On the eighteenth the car was billed out from Huttig consigned to the defendants at St. James, where it arrived on the fifteenth of the following month. Defendants refused to receive the lath. The railroad company, after holding the car for some time, sold it at auction to pay freight and demurrage. Plaintiff agreed to deliver the car f. o. b. St. James, the defendants to pay freight and deduct it from the purchase price of the lath. The car sold for ninety dollars, which was appropriated by the railroad company to pay freight and demurrage.

Wells testified that he did not agree that the lath should be delivered at St. James in five days from the date of the order, or at any particular date. He testified

124 App—20

that he told defendants the car ought to arrive in fifteen days, and he would send in the order as a rush order and it would take its turn among the rush orders. Defendants introduced evidence tending to show that from thirty to fifty per cent of the lath was worthless. On October twenty-second they wrote plaintiff, cancelling the order but as this was after the car had been shipped it came too late to be available as a defense.

The issues were submitted to the court without the intervention of a jury. No declarations of law were asked or given. The court found the issues for defendants. Plaintiff contends that the finding of the court is not supported by any evidence. We think otherwise. From defendant's evidence, it appears that the time of delivery of the lath was made the essence of the contract, and if, as they testified, plaintiff agreed to deliver the lath in five days and failed to do so, defendants had the right to repudiate the whole of the contract. [Redlands Orange Growers Ass'n v. Gorman, 76 Mo. App. 184, 161 Mo. 203, 61 S. W. 820.] The judgment is affirmed. All **concur.**