C. B. ESTIS, Appellant, v. E. J. HARNDEN et al., Respondents.

**Springfield Court of Appeals, February 6, 1911.**

1.  **REPLEVIN: Sale: Sufficiency of Evidence.** In a replevin suit for a cow which plaintiff claimed to have purchased from defendant, the uncontradicted evidence is *held* sufficient to show that plaintiff had purchased the cow and was entitled to possession thereof upon payment of the balance of the purchase money, and that the trial court erred in finding for the defendants.

2.  **CONTRACTS: Sales: Time Not Essence of.** In a replevin suit for possession of a cow which plaintiff claimed to have purchased, the defense was that plaintiff did not come after the cow at the time he agreed to. The evidence is examined and *held* not sufficient to show that the time when plaintiff should call for the cow was the essence of the contract.

3.  ———: ———: **Time When Essence of.** In determining whether the stipulations as to the time of performance of a contract of sale are conditions precedent, the court seeks to discover the intention of the parties, and if it appears from the language used and the circumstances that time was to be the essence of the contract, stipulations in regard to it will be held conditions precedent.

4.  **SALES: Payment: Right of Possession.** When all the terms of a contract for the purchase of personal property have been fully agreed upon and the transfer of possession to the purchaser is subject only to the payment of the balance of the purchase price, the purchaser has become the owner of the property, with the right in the vendor only to retain the possession thereof until the balance of the purchase price has been offered or paid.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

REVERSED AND REMANDED.

*George Booth* and *A. M. Baird* for appellant.

(1)   A contract for the sale of specific, ascertained goods, then ready for delivery, for a price agreed on vests the property thereto immediately in the buyer, unless it is shown by the language and surrounding circumstances that such was not the intention of the parties, so title to the cow in question passed to appellant at the time he paid the $2.50 on the purchase price thereof and his right of possession accrued when he demanded possession of the cow offering the balance of the agreed purchase price.   Sigerson v. Kalmann, 39 Mo. 206; Williams v. Gray, Adm., 39 Mo. 201; Wheless v. Grocer Co., 140 Mo. App. 585; Kuhler v. Tobin, 61 Mo. App. 576; Toney v. Goodley, 57 Mo. App. 241; Glass v. Blazer Bros., 91 Mo. App. 564; Nance v. Metcalf, 19 Mo. App. 189; Hatch v. Oil Co., 100 U. S. 124, 25 Law Ed. 554; Wren v. Kuhler, 68 Mo. App. 680; Mfg. Co. v. Jones, 64 Mo. App. 223; Collins v. Lumber Co., 128 Mo. 446; Harding v. Manard, 55 Mo. App. 364; Benjamin on Sales (6 Ed.), secs. 308 to 317.   (2)   Even if this transaction could be construed as a sale for cash on delivery, which we do not concede, and the rules governing such sales applied, then appellant should recover, for a tender of the balance due on the purchase price was made at the time he demanded possession of the cow under the contract.   Sharp v. Hawkins, 129 Mo. App. 85; Frazier v. Railroad, 104 Mo. App. 359; Leonard v. Davis, 1 Black U. S. 476, 17 Law Ed. 225; Briggs v. U. S., 143 U. S. 346, 36 Law Ed. 180; Wade v. Moffett, 21 Ill. 110; Barrow v. Window, 71 Ill. 214; 2 Com. 447, 1 Cooley's (3 Ed.), 589.

*W. R. Shuck* and *A. G. Young* for respondents.

GRAY, J.—This is an action of replevin for a cow, commenced before a justice of the peace in Jasper county. The defendants were successful in the justice court, and the plaintiff appealed to the circuit court of said county. On the trial in the circuit court without a jury, the defendants were again successful, and the plaintiff appealed to this court.

There is but little dispute about the facts. The defendants were originally the owners of the cow and had sent word to the plaintiff that the animal was for sale. The plaintiff, with one Mr. Farris, went to the defendants' premises for the purpose of looking at the cow, with the view of plaintiff purchasing her for Mr. Farris. The defendants are husband and wife. After looking at the cow the plaintiff asked the husband if less than forty-five dollars would buy her, to which the defendant replied: "No, if I wasn't going off sixty dollars wouldn't buy this cow." And the plaintiff replied that he would take the cow and paid to the husband the sum of two dollars and a half on the purchase price. At this time the plaintiff further said: "I will be after the cow Monday," and the said defendant replied: "All right. Probably she won't be here, but she will be over in Carterville; you can get her any time you come after her."

The plaintiff did not go after the cow Monday, and in the meantime defendants had moved to Carterville. On Monday evening the plaintiff went to Carterville and saw the defendant, Mrs. Harnden, and told her he was busy and would like to wait until morning to get the cow, and she replied that it would be all right, to come and get the cow in the morning. The plaintiff did not go after the cow in the morning, and it was about one'clock in the afternoon when he went to the defendants' home after her. The mother of Mrs. Harnden came to the door and told the plaintiff they had decided not to move away, and to keep the cow. About

that time Mrs. Harnden, the defendant, came to the door and notified plaintiff he could not have the cow unless he would pay fifty dollars for her. The plaintiff waited until the husband came home in the evening, and was notified by him also that they had decided to keep the cow, to which the plaintiff replied: "I have got the money to pay for her and would like to have her." The husband replied: "That's all right, I ain't going to let you have the cow to-day."

The above facts are not controverted. The defendants have filed no briefs in this court, but we gather from the bill of exceptions that they defended on the ground that plaintiff did not come after the cow at the time he agreed to, to-wit: Tuesday morning, and that the transaction on Friday evening when plaintiff and Mr. Farris looked at the cow, did not amount to a contract of sale. If the transaction amounted to a sale, then there was nothing in the language used to show that the time when plaintiff should call for the cow was the essence of the contract. The evidence shows that the cow was giving milk and the defendants were having the benefit thereof. When the plaintiff stated that he would come after her Monday, the husband replied: "That will be all right, I am going to move to Carterville and the cow will be over there and come over there and get her."

In determining whether stipulations as to the time of performance of a contract of sale are conditions precedent, the court seeks to discover the intention of the parties and if time appears, from the language used and the circumstances, to be the essence of the contract, stipulations in regard to it will be held conditions precedent. [Redlands Orange Growers Association v. Gorman, 76 Mo. App. 184; Lumber Co. v. Forrester et al., 124 Mo. App. 304, 101 S. W. 164.]

We do not believe that time was the essence of the contract so that the failure of the plaintiff to call for

the cow at any special hour in the day authorized defendants to repudiate the sale.

It is quite clear to us that the tranaction amounted to a sale. The defendants asked forty-five dollars for the animal. The plaintiff said he would take her and paid two dollars and fifty cents of the purchase price and said he would come after the cow on the following Monday. All the terms of the contract had been fully agreed upon, and the plaintiff then and there became the owner of the cow with the right in defendants to retain the possession of her until the balance of the purchase price was offered or paid. [Sigerson v. Kahmann, 39 Mo. 206; Stumpf v. Mueller, 17 Mo. App. 283; Glass v. Blazer Bros., 91 Mo. App. 564; Kuhler v. Tobin, 61 Mo. App. 576; Wren v. Kuhler, 68 Mo. App. 680; Wheless v. Grocery Co., 140 Mo. App. l. c. 585, 120 S. W. 708.]

When the plaintiff called Tuesday, he notified the defendants he had come to pay for the cow and to get her. They flatly refused to let him have the animal unless he would pay an increased price for her. Upon this refusal, he instituted this suit and deposited the balance of the purchase money with the court, where it remains. Under these circumstances we are of the opinion that he was entitled to recover, and the court erred in rendering a judgment in favor of the defendant.

The premises considered, the judgment of the circuit court will be reversed and the cause remanded with directions to enter judgment in favor of plaintiff. All concur.