————o————

EMANUEL ESTEL, et al., Respondents, vs. ST. LOUIS & SOUTH-EASTERN RAILROAD COMPANY, Appellant.

1. *Practice, civil—Jury—Verdict—Supreme Court*—In civil law cases the Supreme Court will not disturb verdict of jury on questions of conflicting testimony.

2. *Waiver.*—Although in an agreement time is made of the essence of contract, still it may be waived by a subsequent understanding between the parties.

3. *Engineer.*—Is sole judge, of what.

*Appeal from St. Louis Circuit Court.*

*Bereman & Smith*, for Appellants.

*Van Waggoner & Dickson*, for Respondents.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by plaintiffs as surviving partners of the firm of M. P. Gordon, & Co., to recover a balance of which it was alleged was due them for furnishing and delivering cross-ties to defendant.

The petition contained two counts. The first was based on a written contract entered into between the plaintiffs and defendant, bearing date April 30th, 1870, by which plaintiffs agreed to deliver 20,000 railroad cross-ties to defendant, for which they were to be paid sixty cents each; fifty-five cents a tie as they were delivered, and the additional five cents when the whole number was furnished. The petition then averred a complete fulfillment of the agreement in every respect, and claimed that a balance was still due and unpaid.

The second count charged another contract between the same parties to furnish an additional quantity of ties at the same price, and alleged the delivery of a certain number, for which no payment had been made.

The answer denied that plaintiffs complied with the contract stated in the first count. It alleged that the time of the delivery of the ties, which in the written agreement was fixed · at Aug. 1st, 1870, was extended to Sept. 1st, 1870, and that time was made the essence of the contract; that the chief engineer of the defendant was by ·the terms thereof, the sole and final judge of the quality, character, value and number of such ties as should be furnished by the plaintiffs, and that payment therefor was to be made only on his certificate, and that the chief engineer had not certified that the 20,000 ties were delivered, and that they were not furnished and delivered within the specified time.

The answer to the second count denied the agreement, and denied that any ties were furnished under it, and averred that they were all delivered under the first contract; and charged that full payment had been made.

There was a replication filed in which it was alleged, that the chief engineer refused to certify for the ties that were furnished and delivered, and the payment set up in the answer was denied.

The trial was before the court and a jury, and a verdict was found on each count for the plaintiffs. The contract referred to in the first count of the petition, and under which the first ties were delivered, provided that the chief engineer of the defendant should make, or cause to be made, an inspection of each and every lot of cross-ties delivered under the agreement, and should give a certificate setting forth the number and value of such cross-ties; whereupon the plaintiffs should be entitled to demand and receive the sum of fifty-five cents for each and every tie so delivered, which amount should be paid by the defendant within ten days after such inspection and certificate. Upon the delivery and acceptance of the whole number of the cross-ties named in the agreement, then

the plaintiffs were to be entitled to demand and receive upon the certificate of the engineer an additional sum of five cents each for the 20,000 cross-ties, it being understood that the five cents named, should be withheld during the delivery of the ties, as a forfeiture for the fulfillment of the delivery of the whole number. And it was further mutually agreed and understood between the parties, that the chief engineer should be the sole judge as to where the ties were to be delivered, and that time should be counted as an element in the agreement.

The time originally designated for delivering the ties and completing the contract was August 1st, 1870, but this time was extended in writing till the first of Sept. 1870. Owing however to the low stage of the water and the difficulty of shipping the ties, they were not all delivered till some time after the date last specified, but they were received by the defendant without objection and used; and the evidence shows that the work of laying the track was not delayed by reason of the failure to deliver at the time agreed upon. It does not appear that the engineer ever inspected the ties. He employed an assistant who counted them. But he says in his testimony that he does not know whether the 20,000 were furnished under the first contract or not; but that he made out a voucher for them for the lowest price, that is fifty-five cents, five cents less than if they had been delivered according to the time stipulated in the agreement.

There was a great deal of oral evidence introduced in regard to the time the ties were delivered under the respective contracts, and the number that was delivered. The jury were the proper judges of the credit to be given to this evidence, and by their verdict they found in favor of the plaintiff, and this is conclusive on us as to all questions of fact. It is admitted that the defendant paid plaintiffs fifty-five cents a piece for the ties furnished, and the matter in dispute relates to the five cents additional to which plaintiffs were entitled, provided they complied with the terms of the agreement. Upon this question the court gave the following de-

claration: "The court instructs the jury that if they find from the evidence, that the plaintiffs failed to deliver the 20,000 ties sued for in the first count of the petition, within the time limited in the contract sued upon, and the extension thereof; and that defendant did not waive the condition of the contract as to the time of delivery, or did not ratify the acceptance of said ties after the time for the delivery thereof had expired, then the plaintiffs are not entitled to receive more than fifty-five cents each for the number of ties delivered to and accepted by defendant under said contract; and if the jury further find from the evidence, that plaintiffs have been paid by defendant at the rate of fifty-five cents for the whole number of ties so delivered and accepted under said contract, then the plaintiffs are not entitled to recover in the action in the first count of the petition."

We think the instruction is unobjectionable. It carries out in full force the conditions of the contract, and precludes a recovery for more than fifty-five cents for each tie, unless the defendant waived the condition as to time, and accepted the ties under the waiver. There was abundant evidence to support this theory of the case. It was shown by plaintiffs' witnesses that when the difficulty occurred in obtaining transportation, the plaintiffs were informed by the defendant that it would make no difference, that they might deliver the ties as fast as possible and it would be all right; that they were delivered in time to be used, and that they were accepted without any objection being raised as to time. There is very little dispute here in reference to the quality of the ties; and as to the few that were rejected, the court gave the defendant's own instruction that they were not to be taken into consideration by the jury.

Any decision that the engineer would make respecting the quality of the ties would be conclusive and bind the plaintiffs, for the matter was submitted to his arbitrament, but not so as to quantity. The question of numbers may well be decided by the jury, and if the company waived the condition as to time, that would modify the contract in respect to the en-

gineer's certificate of non-compliance in that regard. This is really the only point in the case deserving any attention. The three instructions given at defendant's request were all that could be asked in reference to the parties to the agreement, and the ties rejected, and to payment for the ties in the second count. And those refused were in conflict with the instruction given by the court, first herein alluded to.

I am of the opinion that the judgment should be affirmed. All the judges concur.