GAYLORD et al. v. KARST.

(Common Pleas of New York City and County, General Term. February 1, 1892.)

1. ACTION ON CONTRACT—FAILURE TO DELIVER MATERIALS—WAIVER.
. In an action to recover the price of building materials supplied, defendant counter-claimed for damages resulting from non-delivery of the materials at the time agreed on. Held, that the court erred in instructing the jury that they had a right to consider whether the subsequent receipt of the materials by defendant was not a waiver of any claim for damages.

2. SAME—ERRONEOUS INSTRUCTION—POSSIBILITY OF INJURY.
There having been evidence on which the jury would have been justified in finding for defendant on the counter-claim, a possibility of injury to defendant from the erroneous instruction appears, so that a judgment for plaintiff must be reversed.

13 N. Y. Supp. 589, reversed.

Appeal from city court, general term.

Action by Don A. Gaylord and others against John D. Karst, Jr. From a judgment of the general term of the city court affirming a judgment for plaintiff at the trial term, defendant appeals. Reversed.

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

Lewis Sanders, for appellant. John E. Eustis, for respondents.

BISCHOFF, J. Plaintiffs sued to recover $262 as and for the balance claimed to be due them for building material supplied at defendant's request for use in certain buildings in course of construction. Defendant denied all of the material allegations of the complaint, excepting the partnership of plaintiffs, and counter-claimed damages alleged to have resulted to him from the non-delivery of the building material within the time agreed upon. On the part of plaintiffs, it appeared on the trial that the contract was made on or about January 19, 1887, and required them to deliver the material by March 4, 1887. The evidence for the defense tended to show, and the fact seems to have been substantially conceded, that a considerable portion of the building material was delivered and accepted by the defendant long after the time originally appointed by the contract. Plaintiffs, however, contended that any delay in the delivery was occasioned by the neglect of the defendant to progress with the construction of the building, whereby they were prevented from taking the measurements required for the manufacture of the material by them agreed to be supplied, and that they were for that reason absolved from the consequences of the delay in its delivery. Defendant, on the other hand, claimed that the construction of the buildings had sufficiently progressed, and that the delay in their completion was caused wholly by the failure of plaintiffs to make delivery of the building material as agreed. Both parties sustained their several contentions by evidence sufficient to have supported a verdict either way, and defendant also introduced evidence from which damage from the delay in completion of the buildings was made to appear. Upon the close of the evidence, counsel for plaintiffs requested the court to charge that the defendant's consent, given in April, succeeding March, 1887, thereafter, to accept the building material remaining and undelivered as quickly as it could be delivered, was a waiver in respect to the time of delivery fixed by the con-

tract; and the court thereupon charged the jury as follows: "There is no dispute, I understand, but that all these goods were delivered some time or other, and that the goods were received and used by the defendant in his place. *You have a right to consider whether that receipt was not a waiver of any claim for damages,*"—to which defendant's counsel duly excepted. The jury thereupon found for the plaintiffs for the full amount claimed, with interest.

Obviously, so much of the charge as is italicized by us had no other purport than to instruct the jury that if they found that defendant consented in April to accept future delivery of the building material, which plaintiffs had originally agreed to deliver on the 4th of the previous month, they were at liberty to find further that defendant had thereby waived all claim for damages accruing to him from plaintiffs' default in delivery by the time first appointed; and as this seems to be in direct conflict with the law as declared by the court of appeals in *Ruff* v. *Rinaldo*, 55 N. Y. 664, and *McMaster* v. *State*, 108 N. Y. 542, 553, 15 N. E. Rep. 417, it is impossible to escape from the conclusion that the charge was erroneous, and the exception thereto well taken. That the defendant was prejudiced by this error is a proposition the validity of which is apparent upon its mere assertion, as the error vitally affected the meritorious consideration by the jury of defendant's counterclaim.

An apparent possibility of injury from an erroneous charge demands that the verdict rendered thereon be set aside, unless the party seeking to take advantage of the verdict conclusively establishes the absence of injury; and the burden of doing so rests upon him. *Green* v. *White*, 37 N. Y. 405, 407. It is not sufficient in the case of a general verdict, as in this action, to contend that the jury may not have observed the erroneous instruction, and might notwithstanding it have found a verdict in his favor on the merits of the controversy, but it is incumbent upon him to show that they could not have done otherwise, (*Starbird* v. *Barrons*, 43 N. Y. 200, 204; *Pollett* v. *Long*, 56 N. Y. 200, 207; *Richards* v. *Millard*, Id. 574, 584;) and, as there was evidence upon which the jury could have been justified in finding for the defendant on the counter-claim, we are unable to say that they would not have done so but for the erroneous instruction. The judgment appealed from must therefore be reversed. Judgment of the general and trial terms of the court below reversed, with costs to abide the event, and new trial ordered. All concur.