# REDLANDS ORANGE GROWERS' ASSOCIATION, Appellant, v. GORMAN.

### Division Two, March 26, 1901.

1. **Contract:** TIME OF PERFORMANCE: CONDITION PRECEDENT. Where the time of performance of a contract appears, from the intention of the parties, to be of the essence of the contract, stipulations in regard to the time will be held conditions precedent; and if the contract is not performed within the stipulated time, the party aggrieved may repudiate the whole contract.

2. ———: ———: ACCEPTANCE: WAIVER. Where time is the essence of a contract for the delivery of goods, though the goods are delivered out of time and the vendee accepts them without protest, he does not thereby waive his claim for any damages that may result to him from such breach of the contract. If he is damaged by the delay and has paid the purchase money, he may recover the money. If he has not so paid, he may recoup his damage when sued for the purchase price.

TRANSFERRED FROM ST. LOUIS COURT OF APPEALS.

AFFIRMED.

*L. R. Wilfley* for appellant.

(1) The purchaser of goods under a contract of sale waives his rights to damages resulting from a breach of the contract if he accepts the goods without objection or protest after he has full knowledge of all the facts constituting the breach. (a) This is the rule when the breach results from a deficiency in the quality of the goods. Comstock v. Sanger, 51 Mich. 497; Lyon v. McDonald, 51 Mich. 443; Haase v. Nonnemacher, 21 Minn. 486; Maxwell v. Lee, 34 Minn. 511; Heydecker v. Lombard, 7 Daly, 19; Kellog v. Denslow, 14 Conn. 411; Allison, Smith & Johnson v. Vaughan, 40 Iowa 421; Greenthal v. Schneider, 52 Howard, 133; Hopkins v. Appleby, I Stark, Ca. 477; Percival v. Blake, 2 Car. & Payne, 514; Fisher v. Samunda, 1 Camp. 190; Milner v. Tucker, 1 C. & P. 15; Sprague v. Blake, 20 Wendling, 61; Shields v. Petter, 2 Sandf. 262; Hargous v. Stone, 5 N. Y. 73. (b) The rule also applies when the damages complained of result from a delay in shipment. Bock v. Healy, 8 Daly, 156; Reed v. Randall, 29 N. Y. 358; Smith v. Gugerty, 4 Barb. 615; Adams v. Helm, 55 Mo. 471; Hill v. McDonald, 17 Wis. 97; Ramsey v. Tully, 12 Ill. App. 463; Baldwin v. Farnsworth,

1 Fairf. 414; Hilliard on Sales (3 Ed.), 215.     (2) There is a fundamental difference between a breach of warranty and a breach of contract; the distinction being that under a breach of warranty, acceptance without protest, with knowledge of the breach, does not constitute a waiver of damages, while under a breach of contract such acceptance does operate as a waiver. Reed v. Randall, 29 N. Y. 358; 2 Benjamin on Sales, secs. 803, 1261, 1254; Greenthal v. Schneider, 52 Howard, 133; Hopkins v. Appleby, 1 Stark, Ca. 477; Percival v. Blake, 2 Car. & Payne, 514; Fisher v. Samunda, 1 Camp, 190; Milner v. Tucker, 1 C. & P. 15; Sprague v. Blake, 20 Wendling, 61; Hargous v. Stone, 5 N. Y. 73, Shields v. Petter, 2 Sandf. 262.

*D. P. Dyer* for respondent.

(1) A right of rescission can be readily waived and it is waived by a recognition of the continuance of the contract with knowledge of the ground of rescission, and an acceptance by the vendee with knowledge of delay in the delivery, therefore operates as a waiver of the objection when it is insisted upon for the purpose of rescission.     (2) When a contract is broken, the injured party is not bound to rescind, nor is he bound to stop.     He is entitled to go on with the contract and to demand his damages in so far as it has not been performed, or in so far as it has been defectively performed.     So, when goods are sold with a stipulation for delivery within a specified time, the vendee is entitled to have the goods and also to compliance with this stipulation.     If the goods are offered, but the stipulation is not complied with, he may accept them, and recover damages for the delay to make him whole.     Dignan v. Spurr, 3 Wash. 315; Blackburn on Contract of Sale, p. 524; 2 Benjamin on Sales, sec. 1261; Whalon v. Aldrick, 8 Minn. 349; McMartin v. New York, 108 N. Y. 553; Bagby v.

Walker, 78 Md. 244; Werner v. O'Brien, 40 Mo. App. 489; Van Winkle v. Wilkins, 80 Ga. 104; Hare on Contracts, ch. 22, p. 537; Gaylord v. Karst, 17 N. Y. Supp. 720.

GANTT, J.—This cause has been certified to this court by the St. Louis Court of Appeals, because Judge BOND, one of the judges of said court, considered the opinion of the majority of the judges of that court to be in conflict with a decision of this court.

The facts appear in the opinion of Judge BIGGS. His opinion is as follows:

"The plaintiff sues for four hundred and eighty-six dollars and fifty cents. The defendant set up in his answer a counterclaim for four hundred and fifty dollars as damages, growing out of the failure of the plaintiff to ship the goods within the time stipulated in the contract. A jury was waived and the cause submitted to the court on the following agreed statement of facts:

"1. The plaintiff is a corporation organized under the laws of the State of California.

"The defendant is a citizen of the State of Missouri, and a resident of the city of St. Louis, and engaged in the business of a merchant at said city under the name and style of John Gorman & Bro.

"2. On the nineteenth day of December, 1895, the plaintiff contracted to sell to the defendant two carloads of oranges, to-wit, one car to contain three hundred boxes of fancy Redland naval oranges at the price of two dollars and fifty cents per box; the other car to contain three hundred boxes of fancy Redland seedling oranges at the price of one dollar and seventy-five cents per box.

"3. The plaintiff at the time of said sale specially agreed with the defendant, as part of said contract, to deliver said

oranges free on board of railroad cars at Redlands, California, and to cause the same to be shipped to the defendant, not later than December 21, 1895, as the defendant desired the oranges at St. Louis as early as possible, of which the plaintiff was at the time of said contract informed.

"4.    The said oranges were not delivered on said cars by the plaintiff on the twenty-first of December, 1895, and were not shipped to the defendant on that date, but said oranges were (without the knowledge or consent of the defendant) delivered by plaintiff on board of cars at Redlands and by him caused to be shipped to the defendant on the twenty-third and twenty-fourth days of December, 1895 ; one of said cars being loaded and shipped on the twenty-third and the other on the twenty-fourth day of December, 1895.

"5.    At the time when said oranges arrived at St. Louis and when they were delivered to the defendant, the market value of said oranges was four hundred and fifty dollars less than it was at any time at which said oranges would have arrived at St. Louis, or at which they would have been delivered to the defendant if they had been shipped within the time provided by said contract.

"6.    The defendant received notice by letter from the plaintiff two days prior to the arrival of said oranges in St. Louis of the dates at which the same had actually been delivered at and shipped from Redlands, California.

"7.    Upon the arrival of said oranges at St. Louis, the defendant, having notice of shipment as aforesaid, accepted the same without objection or protest.

"8.    The contract price of the oranges actually shipped, as aforesaid, amounted in the aggregate to the sum of $1,236. The defendant had paid to plaintiff of said amount the sum of $749.50, and refused and still refuses to pay the balance, to-wit, $486.50, being the amount herein sued for.

"9. It is agreed if the defendant is entitled to any damages on his counterclaim, the amount of $450 shall be allowed therefor, and in such case the judgment shall be in favor of plaintiff for $36.50 and costs, otherwise the judgment shall be for $486, with interest from the first day of January, 1896, and costs.

"The court allowed the defendant's counterclaim and rendered judgment in favor of plaintiff for thirty-six dollars and fifty cents and for costs. The plaintiff has appealed.

"The position of the appellant is, that when goods are delivered out of time and the vendee accepts them without protest, he thereby waives his right to damages resulting from the breach of the contract, except where the goods are accepted of necessity—that is, where the surrounding circumstances are such as to make it necessary for him to accept in order to avoid the accumulation of much greater damage. We can not accede to this view of the law. We believe the law to be that where time is made the essence of the contract, delay beyond the stipulated time in the shipment or delivery of goods does not preclude the vendee from accepting them. If he does so and is damaged on account of the delay and he has paid the purchase money, he may bring this action and recover his damage. If he has not so paid, he may recoup his damage when sued for the purchase price. The authorities treat such a stipulation in the name of a warranty or condition precedent that the goods will be shipped or delivered within the stipulated time. [Beach Mod. Con. Law, sec. 616.] To hold that in such case an acceptance out of time, without objection or protest, is a waiver by the vendee of his claim for damages resulting from the violation of the agreement, is, to our minds, unreasonable. With equal reason it could be said that where goods are bought with an express warranty of quality, and goods of an inferior quality are accepted by the vendee, he thereby waives his right to rely

Redlands Orange Growers' Ass'n v. Gorman.

on the warranty.    All of the authorities are against that proposition.

"Our views find ample support in the authorities.    Lord Blackburn in his work on Contracts, p. 377, states the law on the subject as follows:    'When the contract was to deliver goods at a certain date and that date is passed, the vendee may accept the goods and bring his action for any damages he may have actually suffered in consequence of the late delivery.    He does not, by accepting a late delivery, waive any claim he may have for damages arising from the delay.    Just as where, by accepting goods which were not up to the warranted quality, he does not waive his right to damages for breach of warranty.'

"Hare on Contracts, p. 537, states the rule thus:    'When the thing tendered under an executory contract differs as regards time, quality, amount or kind, from what the buyer agreed to receive, it may be declined and the breach treated as entire, or it may be accepted as so much on account of what the contractor agreed to do or render, and an action brought for the amount by which the performance falls short of the promise.' This statement of the rule is subject to the qualification that time must be of the essence of the contract and there must be an express warranty as to the quality of the goods.

"In the case of Dignan v. Spurr, 3 Wash. 315, the Supreme Court of the State of Washington had the question before it.    The court said:    'Counsel contend that appellant waived no right to damages arising out of any delay in delivering the brick by respondent, notwithstanding they were accepted at a later date than that fixed for their delivery by the agreement between the parties, and we are inclined to the opinion that the objection is well founded.'

"So in the case of Whalon v. Aldrich, 8 Minn., p. 349, the Supreme Court of Minnesota says:    'The defendant, as the

Vol 161 mo—14

case shows, was entitled to have the logs at St. Croix boom, in 1857.   Six or seven hundred thousand feet of them were not so delivered, but were delivered the next year, and received by the defendant.   This acceptance did not cut off any claim the defendant had for the non-delivery of the logs at the contract time, but enters as an element into the question of what damages he was entitled to recover.'

"In the case of McMaster v. New York, 108 N. Y., p. 553, the court says:   'The contention that, where there is a breach of contract by one party and the other thereafter is permitted to perform the same in part, receiving the contract price for such part performance, the injured party thereby waives or releases his right to damages for the breach, has no foundation in reason or authority.   It is undoubtedly the rule that where one party to a contract breaks the same, the other party may stop and refuse further performance.   But instead of doing so he may perform, so far as permitted, and then claim the damages he has suffered from the breach.'

"In Bagby & Rivers v. Walker, 78 Md. 244, the Supreme Court of Maryland said:   'Mere acceptance of the lumber after the expiration in the agreement for its delivery was not of itself a waiver of the breach committed by the failure to deliver it according to the terms of the contract; nor did such an acceptance preclude the vendees from subsequently suing to recover the damages resulting to them by reason of the non-delivery, from the time of default up to the date of acceptance; nor from recouping, when sued by the vendors, those damages against the latter's claim for the purchase money.'

"So in Van Winkle v. Wilkins, 81 Ga. 1. c. 104, the Supreme Court of Georgia expressed the same view.   It said: 'It was urged in the argument that receiving the machinery was a waiver both of its defects and of damages resulting from its non-delivery in due time.   Why so ? . . . . Under the circum-

stances, there was no obligation to return the machinery or to offer to return it. . . . . As to the damages resulting from delay, these had already been sustained when the mill was received; its reception, in so far as it affected them at all, could only hinder more from accruing; it certainly could not increase them. There was no inconsistency between reception of the machinery and retention of the claim for damages on account of delay to furnish it by the time stipulated. To hold that there was a waiver by implication would be very unreasonable.' To the same effect is Gaylord v. Karst, 17 N. Y. Supp. 720.

"In the case at bar it was stipulated that the oranges should be shipped not later than the twenty-first of December. Was the time of shipment intended to be of the essence of the contract? If so, then the stipulation must be construed as a warranty or condition precedent, and not a mere representation. The doctrine of the foregoing cases must rest on this distinction. On no other principle can they be distinguished from the cases which hold that in the absence of an express warranty as to quality, an acceptance of goods of an inferior quality to those bargained for will be held to be a waiver of the breach of the contract. 'In determining whether stipulations as to the time of performance of a contract of sale are conditions precedent, the court seeks to discover the intention of the parties, and if time appears, from the language used and the circumstances, to be of the essence of the contract, stipulations in regard to it will be held conditions precedent.' [1 Beach Mod. Con. Law, sec. 618.] There is no difficulty in determining the question in the present case. It was the evident purpose and intention of the parties that the shipment should be made at the stipulated date so that the oranges might reach St. Louis in time for defendant to get the advantage of the better prices for such fruit, which usually prevails at the beginning of the holidays.

"The appellant cites in support of its position Bock v. Healy, 8 Daly, 156. That case declares the law as appellant contends. The opinion does not attempt to discuss the question on principle, but merely decided that where goods are delivered out of time, the vendee, by accepting them without protest, waives his claim for damages for breach of the contract. The other authorities relied on hold, that in executory contracts for the sale of goods, if there is no express warranty as to kind or quality, the vendee must examine the goods promptly, and if they are not according to contract, he must return to the vendor. Failing in this he will be held to have waived his objection to the quality of the goods. This we concede to be the law, but we deny its application in the present case.

"The judgment will be affirmed. Judge BLAND concurs in this opinion as written; Judge BOND dissents, and is of the opinion that the decision is opposed to that of the Supreme Court in the case of Estel v. Railroad, 56 Mo. 282. The cause will therefore be certified to the Supreme Court for final determination."

In our opinion the law is correctly ruled by the majority of the Court of Appeals.

As said by the Supreme Court of the United States in Norrington v. Wright, 115 U. S. 188: "In the contracts of merchants, time is of the essence. . . . . A statement descriptive of the subject-matter, or of some material incident, such as the *time* or place of shipment, is ordinarily to be regarded as a warranty, in the sense in which that term is used in insurance and maritime law, that is to say, a condition precedent, upon the failure of or non-performance of which the party aggrieved may repudiate the whole contract."

Beach on Modern Law of Contracts, vol. 1, p. 744, section 616, adopts Mr. Justice GRAY's language as the law in such cases.

Redlands Orange Growers' Ass'n v. Gorman.

As shown by Judge Briggs' opinion, such a stipulation is regarded by the courts as a warranty, and the rule is well settled that the stipulation is a warranty either as to the time of delivery the vendee may receive the goods after the stipulated time of delivery, and if he has paid the purchase money, may maintain his action for the damages occasioned by the breach, or if he has not paid for the goods may recoup the amount of his damages out of the purchase price.

The difference in opinion between the judges of the Court of Appeals is based upon the different views they entertain as to the character of the stipulation as to time. We think, with the majority, it is a warranty.

As to the case of Estel v. Ry. Co., 56 Mo. 282, we think it is plain that the waiver of the time in that case was an express waiver of the time before the delivery began and a consequent estoppel of the defendant under the facts to complain of the failure to deliver at the time specified in the contract, whereas, the cases cited by Judge Briggs clearly demonstrate that the mere reception of the goods without protest or objection, is not a waiver of the breach committed by the failure to deliver the oranges according to the contract. The judgment of the circuit court is affirmed, and the opinion of Judge Briggs adopted.

All concur.