## THE MISSOURI BRIDGE AND IRON COMPANY, Appellant, v. JOHN A. STEWART.

### Kansas City Court of Appeals, December 7, 1908.

1. **CONTRACTS: Acceptance: Damages: Waiver.** The mere acceptance of work and paying for it does not waive a claim for damages for not completing it in a specified time.

2. ————: **Performance: Change: Time Limit.** Where the parties make a substantial change in their contract which in effect does away with the time limit provision, a reasonable time is implied by the law for the performance of the work.

3. ————: ————: ————: ————: **Damages.** Where the failure to commence a contract so as to complete it within a given time is not the cause of the damage arising from non-performance there can be no recovery for such damage; and it is held on the evidence that the cause of the damage sued for was an unforeseen condition which caused the parties to abandon the time limit provision of the contract.

4. ————: ————: ————: ————: ————. Under the contract in suit in ascertaining the reasonable time any failure of defendant affecting the time should be considered, as also any delay occasioned by the necessary change of the plans.

Appeal from Boone Circuit Court.—*Hon. Nat. M. Shelton,* Special Judge.

REVERSED AND REMANDED.

*E. W. Hinton* for appellant.

(1) The conduct of the defendant in permitting the plaintiff to go ahead with the work after the contract time for completion did not operate either in law or in fact as a waiver of his right to recoup damages for the delay. Orange Co. v. Gorman, 161 Mo. 203, and authorities there cited. (2) There is nothing in the agree-

ment of September 19-20, for the change in the location of one of the supports which operated as a waiver or release of defendant's right of action for breach of the contract. Harrison v. Railway, 74 Mo. 364; Gann v. Railway, 72 Mo. App. 34.

*C. B. Sebastian* and *W. M. Williams* for respondent.

(1) Plaintiff is entitled to recover the balance due for the viaduct, notwithstanding the failure to complete it within the time fixed by the original contract. (2) Defendant, by changing the plans and specifications, waived any right to require the completion of the work within the time originally specified, and the court erred in failing to give the declaration of law asked by the plaintiff to the effect that there could be no recovery upon the counterclaim. Dannat v. Fuller, 120 N. Y. 558; Estill v. Railroad, 56 Mo. 282; McGuiley v. Hardy, 18 Cal. 116; Star v. Mining Co., 13 Pac. 195; Cornish v. Suidan, 13 So. 118. (3) The work was not commenced until the 13th of August, 1906. Defendant was informed that the viaduct was to be built after that time. He made no objection to it, and subsequently furnished materials for the structure and made payments on account of the work, in addition to changing the plans and specifications. This amounted to a waiver of the time limit. Chambers v. Board of Education, 60 Mo. 379; 30 Ency. Law (2 Ed.), 1259; 30 Ency. Law (2 Ed.), 1261; Heating and Ventilating Co. v. Bissell, 41 Mo. App. 426.

ELLISON, J.—The defendant employed the plaintiff to construct a viaduct over the tracks of the Missouri, Kansas & Texas Railway Company so as to connect with the city proper an addition to the city of Columbia laid out by defendant. The contract was in writing and provided among other things that the structure was to be on steel columns resting on cement bases,

and, that defendant was to furnish the necessary lumber and have it delivered on or before the 15th of June, 1906, and that plaintiff was to complete the structure by the 15th of July, 1906. It was stipulated that the plaintiff was to be paid $5,300. Of this sum defendant paid $4,849.48, leaving a balance of $450.52 which plaintiff claims is still due.

The defense was that plaintiff failed to complete the structure in the time agreed and that in consequence defendant was damaged in a sum in excess of the balance claimed by plaintiff. The damage to defendant is claimed as having arisen in this way: Defendant had sold a number of lots in the addition which he had laid out and taken notes for purchase money, in which was a stipulation that no interest should run until the viaduct was completed.

The case was submitted to the court without a jury and defendant was allowed $100 damages on his counterclaim, judgment being rendered for plaintiff for $350.52. Both parties thereupon appealed to this court.

Plaintiff did not complete the viaduct by the 15th of July as agreed. It was not completed until the 15th of November. To excuse the delay it was shown that one of the steel piers, on demand of the railroad, had to be differently placed from that provided by the specifications. There was a conflict in the evidence as to the time necessarily lost by this delay, though it is clear that it was a substantial period. There was evidence tending to show that defendant did not furnish the lumber at the time agreed upon. So there was evidence that plaintiff did not begin the work until near thirty days after contract time in which it was to have been finished.

We think defendant to be right in his insistence that mere acceptance of the work and paying for it will not waive a claim for damages in not completing it in the time specified. [Redlands Orange Ass'n v. Gorman, 161 Mo. 203.] As bearing upon the same

principle see Atkins Bros. v. Grain Co., 119 Mo. App. 119.

But here the case shows that the parties themselves made a substantial change in the contract which, in effect, did away with the time limit provision, which left a reasonable time, implied by law, for the performance of the work.

In such circumstances it will not do to say that the contractor should yet be held to the time limited by the contract with an allowance of the time necessary for the changed conditions of the work. That might result in great injustice to the contractor. [Dannat v. Fuller, 120 N. Y. 554.] If that was desired it should have been inserted in the contract that any change of the work requiring longer time should not affect the time limit any further than necessary to do the changed work or meet the changed conditions.

But it is said that defendant should be allowed damages which accrued before it was known that the contract would have to be changed, which was near sixty days after the time limit had expired; and the trial court, as already stated, did allow damages which accrued between the time limited when the work should have been completed (July 15th) and the time it was actually begun, August 13th. But we have concluded this was improper, from the following consideration: The question is, was the defendant damaged through the neglect of plaintiff in not beginning the work so as to finish it within the time limited? The case shows such neglect did not cause the damage. If plaintiff had begun the work in time to have finished it within the specified time, the same condition would have presented itself (which later did arise) which would have forced the parties to an abandonment of the time provision. So therefore the plaintiff's default was not the cause of the damage to defendant. The cause of the damage was an unforeseen condition which caused the

parties to abandon the time limit. The case should be tried without regard to the time limit and there should be substituted therefor the reasonable time ,which the law implies when no time is agreed upon.

In ascertaining and measuring such reasonable time, a failure, if any, of defendant affecting the time should be allowed, as well as any delay occasioned by the change made necessary.

The judgment is reversed and the cause remanded. All concur.