## The Halstead Lumber Company v. Sutton & Murphy.

1. BREACH OF CONTRACT — *Damages, as Light as Possible.* It is the duty of a party who has suffered an injury from the non-performance of a contract to take reasonable measures to make the injury or damage for which he intends to hold the other party liable as light as possible.

2. ——— *Measure of Damages.* Upon the breach of a contract to deliver merchandise, the vendee, as a general rule, is entitled to recover as damages the difference between the purchase-price and the market price at the time and place of delivery, together with interest.

3. ——— *General Rule.* Under special circumstances, as where merchandise is purchased for a particular purpose, and to be delivered at a specified time, and where it cannot be purchased in the market at the place of delivery, and these facts are known to the vendor, the general rule of damages would be inadequate to compensate the vendee for a delay or a non-delivery of the merchandise, but in such a case he would be entitled to recover the actual loss directly and naturally resulting from the default of the vendor.

4. ——— *Questions for Review, How Presented.* A party complaining that the general finding and judgment of the court includes elements of damage not warranted, or that the court adopted an incorrect measure of damages, should obtain special findings or some statement or ruling of the court, showing the considerations upon which the judgment rests; and *held*, that the record in the present case does not properly present these questions for review.

*Error from Rice District Court.*

THE opinion states the facts.

*A. M. Lasley*, for plaintiff in error.

*C. F. Foley*, and *J. W. Brinckerhoff*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The plaintiff brought this action to recover from defendants a balance claimed to be due for lumber sold and furnished to defendants. The defendants alleged payment in full as a first defense, and for the second and third defenses counterclaims were pleaded. At the January term, 1888, the cause was tried without a jury, and the court found the balance unpaid upon the lumber furnished was $204.40; that the lumber, however, was not delivered in accordance with the contract of sale; that defendants, who had contracted to furnish the lumber purchased to certain other parties, were compelled to pay damages in consequence of plaintiff's failure, and that they were damaged by the delay and non-delivery of the lumber in the sum of $171; and the court adjudged that plaintiff recover the sum of $29.40. Plaintiff is dissatisfied with the amount awarded, and comes here, asking a reversal; but the condition of the record is such, that a satisfactory determination of the principal question discussed cannot be made. The plaintiff objected to the introduction of any evidence under the second count of the answer, and upon the ground that it failed to state facts sufficient to constitute a defense. In brief, the count alleges that defendants contracted to deliver certain lumber at Lyons, Kas., for a certain purpose and at a specified time, but that they failed to deliver it at the time agreed upon, nor until a long time afterward, whereby defendants suffered loss and damage to the extent of $150, which they asked might be allowed as a counterclaim against any amount recovered by plaintiff. The principal objection urged is, that the count showed an acceptance of the lumber at a later time than that agreed upon, and that this acceptance is a waiver of the objection to deliver according to the contract. The allegations in the count, however, do not bear out the claim. It is not alleged that there was an acceptance by the defendants of the lumber furnished; and even if the count contained such an allegation, it would not constitute a waiver. The defendants, who were regularly engaged in

the lumber business, could accept the lumber when it arrived and still recover for any actual loss suffered by them which was the direct result of the plaintiff's failure to deliver according to contract. The acceptance and use of the material lessened the injury of the defendants, and correspondingly reduced the plaintiff's liability for its failure. The testimony in the case discloses that the lumber was of such a character as could not be procured in the market at Lyons, and that the owners of the buildings for whom it was contracted were daily incurring expense and loss by the plaintiff's failure to provide the lumber at the time specified. It was the duty of the defendants, therefore, to make the injury as light as possible by taking and using the material upon its arrival. To have returned the lumber to the plaintiff would not have lessened the damages which had already accrued, but would have aggravated the injury and enhanced the plaintiff's liability.

In the third count it is alleged, in substance, that one carload of lumber agreed to be furnished by the plaintiff for a certain purpose, of which the plaintiff was informed, was never delivered, by reason of which defendants were obliged to enter the market and purchase the lumber at an advanced price, and were thus compelled to pay the sum of $54.53 more than the price at which plaintiff had agreed to sell and deliver the same; and that the price which the defendants paid for this lumber was the reasonable market price; and this amount they set up as a counterclaim.

The objection that there was no allegation that plaintiff refused to furnish the lumber according to contract, or that defendants may possibly have directed plaintiff not to deliver the lumber, is unsubstantial and requires no notice. It appears that this part of the purchase could be supplied from the local market, and when the plaintiff failed, the defendants, as was their duty, went upon the market and purchased the lumber at the market price, and thus prevented additional loss and injury. Under the general rule they were entitled to recover the difference between the contract price and the market value

of the lumber at that time, together with interest.   The allegations of the count were certainly sufficient to overcome the objection that was made against it.

The objection principally discussed by plaintiff in error is, that the court adopted an incorrect measure of damages, and that the testimony did not sustain the general finding and judgment that was rendered.   It cannot be ascertained from the record what elements of damage were considered by the court in arriving at its judgment.   There were no instructions, and no special findings were asked or made, to indicate the elements considered by the court and which controlled its judgment.   In order to properly raise the question in this court, the plaintiff should have obtained special findings; but without these or some statement from the court showing the elements which enter into its judgment, we cannot intelligently examine the question attempted to be raised. The testimony tends to show that the lumber was contracted for a special purpose; that it was of a character which could not be supplied from the local market; that the plaintiff specially agreed to deliver the lumber at a stated time and for a particular purpose, and that the loss which occurred was within the contemplation of both parties; that the defendants again and again prompted the plaintiff to hurry up the delivery, and informed it that the delay would occasion injury for which it would be held liable, but that they would endeavor to lessen the damages as much as possible; that after this time plaintiff sent tracers and telegrams and made other efforts to find and deliver the lumber, which it was bringing from Arkansas, but which for some reason was delayed.   There is testimony that some of the damages arose from a shortage in the quantity claimed to have been furnished, some of it from the advanced price paid for the car of lumber which was never furnished.   There is testimony in regard to the loss suffered from the delay and idleness of the men who were engaged on the building, but who could not proceed without the lumber which plaintiff had not yet delivered; and also testimony of the length of time that the owners of the buildings

were deprived of their use through the fault of plaintiff; and testimony of the rental value of the buildings during this time of delay. There is also testimony tending to show that defendants were prompt and diligent in staying the injury; and, considering all of the testimony, the amount of damages allowed to defendants is quite reasonable. The elements of damage, however, which were considered by the court and upon which its judgment rests, we cannot determine. The facts are such as to take the case out of the general rule of damages, which limits the recovery to the difference between the contract price and the market price. There are special circumstances disclosed in the record which bring the case within the doctrine of *Richardson v. Chynoweth*, 26 Wis. 656, where it is stated that—

"There may be cases, where parties contract for articles with reference to use or sale on some particular occasion, and where, by reason of want of time, or their situation in respect to the market, they would, on a failure to receive them on the contract be unable to supply themselves for that occasion, in which this general rule of damages would wholly fail to compensate for the actual loss. In such cases, time is of the essence of the contract. It would be like a contract to complete at a given time a ship designed to be employed in a particular trade, or a house to be occupied, or an engine to run a particular mill or manufactory. In cases where the contracting party is advised of the special purpose of the thing to be completed, and of the damage that would naturally accrue from failure to complete it at the specified time, and in view of this, expressly stipulates to furnish it at a given time, there is no reason why he should not be responsible for such damage as is the direct natural result of his failure, even though beyond the mere difference between the contract and market price."

See, also, *Shepherd v. Gas Co.*, 15 Wis. 318; *Messmore v. Lead Co.*, 40 N. Y. 422; *Griffin v. Colver*, 16 id. 489; *Morrison v. Lovejoy*, 6 Minn. 319; 2 Suth., Dam., 488–493.

Under the special circumstances of this case, the defendants were entitled to full compensation for the loss actually sustained, and which was the probable and proximate result

of the plaintiff's default. Although we cannot say from the record what items and elements were considered by the court in making up its judgment, we think there is sufficient evidence to sustain the judgment that was rendered.

The other objections are not sufficiently material to require attention, and as we find nothing in the record that would warrant a reversal, the judgment of the district court will be affirmed.

All the Justices concurring.