THE YORK-DRAPER MERCANTILE COMPANY v. BENJAMIN LUSK.

. No. 187.

1. CONTRACT FOR FUTURE DELIVERY—*damages recoverable for breach of, are the natural, direct and approximate.* Upon the breach of a contract by either party thereto, the party not in fault may recover from the defaulting party the natural, direct and approximate damages sustained by him.

2. ———— *measure of damages for breach of, is difference between contract price and price at time delivery was to have been made.* Where a seller of personal property, prior to the time of delivery, notifies the buyer that he will not deliver the property purchased; and the buyer, upon the receipt of such notice, purchases the same kind of property from another at its then market value which is an advance upon the contract price; and where, at the time delivery was to have been made, the market value of such property is at or below the contract price, the buyer cannot recover from the seller such advance in the price paid.

3. ———— *nominal damages for breach of, if, at the time or before delivery was to have been made, price was at or below contract price.* If a defaulting seller should show that the buyer could have bought the same kind of property *at or below the contract price* at any time between the time of the notice of rescission and the time of delivery, the buyer could recover only nominal damages.

4. ———— *buyer not bound to purchase same kind of property in order to lessen damages.* A buyer is not required to purchase the same kind of property at a price in advance of the contract price in order to lessen the damages occasioned by a defaulting seller's refusal to deliver the property sold; nor must such buyer purchase such property at his peril, at the time between such notice and time of delivery when the value is the lowest, so as to decrease the damages which he can recover against a defaulting seller.

Error from Harvey District Court. Hon. F. L. Martin, Judge. Opinion filed July 21, 1897. *Reversed.*

*M. A. Thompson,* for plaintiff in error.

*Fred P. Green,* for defendant in error.

630      MERCANTILE CO. v. LUSK.

S. Dept.      Opinion.   Dennison, P. J.      6 Kan. App.

DENNISON, P. J. This action was brought in the District Court of Rice County, Kansas, and taken on a change of venue to Harvey County. The plaintiff in error was plaintiff below and brought the action to recover from Benjamin Lusk the damages sustained by it in the breach of a contract entered into with said Lusk to sell it a quantity of corn. The jury found for the plaintiff in the sum of $184.10, and judgment was rendered thereon. Being dissatisfied with the amount of the judgment, the plaintiff brings the case here for review.

All the errors complained of and argued relate to the proper measure of damages. The contract for the sale of the corn was entered into, August 2, 1887. The plaintiff's evidence establishes the following facts : *First*, that the contract price of the corn was eighty cents per hundred weight ; *second*, that the amount of corn contracted was 285,096 pounds ; *third*, that a reasonable time within which to deliver said corn was from six to sixteen days ; *fourth*, that the market value of corn at Dodge City — the place of delivery under the contract — during the period of time between the making of the contract and the time of delivery, was from 85 cents to $1.05 per hundred pounds ; *fifth*, that on August 3 and 4 the defendant notified it that he would not deliver the corn.

The defendant introduced in evidence an agreement between the parties, stipulating that there was an abundance of corn on hand in Rice County from August 2 to August 16, that during said period and every part thereof the plaintiff could have ordered from five to ten thousand bushels of corn from the dealers in corn, and that said orders could have been filled at once at the market price at the time of such

MERCANTILE CO. v. LUSK.                631

July 21, 1897.        Opinion.    Dennison, P. J.              C. Div.

order.    It was stipulated that this agreement might be offered in evidence, subject to the right of the plaintiff to object to its introduction on the ground that such evidence was immaterial, incompetent, and irrelevant, or on any other legal grounds.    This raises the question as to whether there were any mitigating circumstances in this case which take it out of the general rule.

In this same case ( *Mercantile Co. v. Lusk*, 45 Kan. 182 ) our Supreme Court says :

" In an action by the buyer against the seller for breach of contract for the delivery of corn, the measure of damages is, as a general rule, the market value of the corn at the time and place of delivery, less the contract price.

" In such case, when the seller, after his contract of sale is made, notifies the buyer that he will not fill the contract, *held*, that in the absence of any evidence on the part of the defaulting seller that the buyer, after notice that the seller would not fill the contract, and before date of delivery, could have purchased corn in the market at the place of delivery upon such terms as to have mitigated his loss, the measure of damages remains the same."

On the first trial the plaintiff requested the trial court to give the jury the general rule of damages. This the court refused to do, but instructed them that the measure of damages was the difference between the contract price and the price of the corn at Dodge City at the time the defendant notified the plaintiff that he would not deliver the corn.    The court held that this instruction was erroneous in the absence of any evidence by the defendant that the plaintiff could have purchased the corn in the markets of the place of delivery so as to have mitigated the loss.

Now, suppose that the plaintiff could have bought

632        Mercantile Co. v. Lusk.

S. Dept.        Opinion.    Dennison, P. J.        6 Kan. App.

the corn at the time of the notice of rescission, to be delivered in Dodge City, at a price greater than the contract price, and had bought it at such advanced price believing that corn would continue to advance, and endeavoring in good faith to mitigate the loss; then again, suppose that, upon the day of delivery according to the former contract, the market value of corn at the place of delivery should be the same as the contract price; could not the defendant contend that the general-rule should apply, and the plaintiff be entitled to only nominal damages? The plaintiff had in good faith attempted to mitigate the damages for the defendant by buying at the market price, after notice that the defendant would not furnish the corn. It had proven itself a poor prophet, and instead of mitigating the damages had increased them. Who suffers? In *Missouri Furnace Co. v. Cochran* ( 8 Fed. Rep. 463 ), it is held that the buyer cannot recover such advanced prices paid after notice of rescission, although he bought the coal in the belief that coal would go still higher, when in fact it went below the contract price before the times of delivery had arrived. We are aware that in some cases the general rule of damages does not apply. One of these is stated in *Lumber Co. v. Sutton* ( 46 Kan. 192 ), as follows :

"Under special circumstances, as where merchandise is purchased for a particular purpose, and to be delivered at a specified time, and where it cannot be purchased in the market at the place of delivery, and these facts are known to the vendor, the general rule of damages would be inadequate to compensate the vendee for a delay or a non-delivery of the merchandise, but in such a case he would be entitled to recover the actual loss directly and naturally resulting from the defaulting vendor."

Another one is stated in *Stewart v. Power* ( 12 Kan. 596 ), as follows :

" But where the vendor knows that the purchaser has an existing contract for a resale at an advanced price, and that the purchase is made to fulfill such contract, and the vendor agrees to supply the article to enable him to fulfill the same, then, upon a breach by the vendor, the purchaser may recover as damages such portion of the profits of the resale as he is compelled to lose on account of such breach."

It is intended that, upon the breach of a contract by either party, the party not in fault shall recover from the defaulting party the natural, direct and proximate damages sustained by him. In analyzing the case at bar, it is necessary to determine the natural, direct and proximate damages sustained by the plaintiff. On August 2, 1887, it purchased 285,096 pounds of corn of the defendant at eighty cents per hundred. It was to have been delivered in Dodge City in from six to sixteen days. The market value of corn in Dodge City during this period was from 85 cents to $1.05 per hundred.

Under the general rule, the jury should have fixed the time for delivery and have subtracted the contract price from the market value of corn in Dodge City at the time so fixed, and allowed the plaintiff the remainder, together with interest upon said remainder from the time so fixed for delivery.

What, if anything, should have been done by the plaintiff, after notice from the defendant that he would not deliver the corn, to have made the damages as light as possible, for which it intended to hold the defendant? At no time could it have filled the contract at the contract price. It must have paid more than eighty cents at any time from the time of receiving the notice until the time of delivery had

634            MERCANTILE Co. v. LUSK.        ⸍

S. Dept.            Opinion.  Dennison, P. J.        6 Kan. App.

passed. If it was its duty to buy, when should it have done so? Was it compelled to buy when the value was eighty-five cents, or when it had reached $1.05 ? Should it have bought on the day it received the notice of rescission, whether corn was $1.05 or whether it was eighty-five cents ? If it bought at a price higher than the market value at the time of delivery, it could not recover such higher price. It will hardly do to say that it must have bought on the day that the market value was the least, for it cannot know until the time is past which day to make the purchase. To hold that it must buy at any time if the market value is greater than the contract price, in order to decrease the damages to be recovered against the defaulting seller, is to establish a ruling which would lead to endless confusion.

If the defendant should show that the plaintiff could have bought the corn *at or below the contract price* at any time between the notice of rescission and the time of delivery, the plaintiff could recover only nominal damages. But we cannot give our assent to the doctrine that the plaintiff must buy at a price above the contract price, nor that it must at its peril buy at the time when the value is the lowest, so as to decrease the damages which it can recover against the defendant.

Upon the trial of this case, the court gave the jury the following instruction :

"Where a seller, having made a contract of sale, notifies the buyer that he will not fill the contract, the seller may show if he can that the buyer could have purchased corn in the market of the place of delivery or at the place where he purchased the seller's corn, upon such terms as to have mitigated the seller's loss ; if you believe that the defendant in this case has shown by the greater weight of the evidence that

he did notify the buyer soon after making the contract that he would not deliver the corn, and that the buyer after such notice could have purchased corn delivered at Dodge City, Kan., at a less price than the market value of the corn at the time the seller could have reasonably delivered it, in that event the measure of plaintiff's damages in this case would be the market value of the corn at Dodge City, Kan., at which he could have purchased, less the contract price.''

This instruction and the introduction of evidence are seemingly warranted by the language of Commissioner Strang in *Mercantile Co. v. Lusk*, supra, but we feel confident that our Supreme Court never intended to establish or assent to the measure of damages contended for in this case.

The judgment in this case might readily be sustained under the evidence in the absence of the erroneous evidence and instructions, but we cannot say that the jury were not influenced in the amount of their verdict by such error.

The judgment of the District Court is reversed, and the case remanded for a new trial.