W. O. JOHNSON *et al., as Partners, etc.,* V. THE NORTH BALTIMORE BOTTLE GLASS COMPANY.

No. 14,779. (88 Pac. 52.)

SYLLABUS BY THE COURT.

SALES—*Acceptance by Vendee after Time of Delivery—Waiver.* The mere acceptance of a purchased article after the agreed time of delivery does not constitute a waiver of damages for failure to deliver in time, unless such acceptance is accompanied by other circumstances which manifest an intention on the part of the buyer to waive such damages.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed December 8, 1906. Reversed.

STATEMENT.

THIS was an action to recover damages for an alleged breach of contract. The plaintiffs in error were plaintiffs below and will be referred to as plaintiffs here. They are engaged in the manufacture of soda-water at Winfield, Kan. The defendant is a corporation engaged in the manufacture of glass bottles at Terre Haute, Ind.

On November 30, 1901, through a traveling salesman of defendant, a contract was made by which plaintiffs purchased from defendant 150 gross of soda-pop bottles and 900 city boxes, like sample, which were to be delivered on April 1, 1902. The order for these

goods was made upon a written blank furnished by defendant. The terms were sixty days, with two per cent. discount in ten days, prices f. o. b. Winfield. It specified that plaintiffs were to furnish the manufacturers certain designs for the lettering of the bottles and boxes. The order was mailed to defendant by its salesman. Five days later defendant accepted the order in a letter to plaintiffs, as follows:

"We beg to acknowledge the receipt of your order placed through our Mr. James, and same has been entered as per copy of order furnished you."

On December 7 defendant wrote another letter to plaintiffs, in which it said:

"We have your favor of the 4th inst. enclosing sketches for lettering bottles and cases, and we will duplicate these sketches as closely as possible."

Matters then rested until April 5, 1902, when plaintiffs, not hearing anything further, wrote as follows:

"WINFIELD, KAN., April 5, 1902.
*"The North Baltimore Bottle Glass Company, Terre Haute, Ind.:*
"GENTLEMEN—We wish to know if our bottles have been shipped April 1, as contracted. We have had no notice to that effect or the contrary and are becoming rather anxious. We are needing these bottles now and in the event you have not shipped them please use every effort to get them out at once. Please advise us the situation by return mail and oblige,   Yours truly,
W. O. JOHNSON & SON."

Defendant answered as follows:

"TERRE HAUTE, IND., April 7, 1902.
*"W. O. Johnson & Son, Prop., Winfield, Kan.:*
"GENTLEMEN—We are in receipt of your favor of the 5th inst. in regard to the order for bottles placed with our Mr. E. C. James, and in reply would say that from such information as we have been able to procure the amount invested in your business is too small to warrant us in extending the terms of credit wanted. We will be glad to make up your bottles provided you will send us a remittance covering say fifty per cent. of the order, and when making shipment we will attach

B/L to our draft for the balance on our account, allowing you the usual two per cent. cash discount; or, if it is more agreeable to you, you can furnish us with a satisfactory guarantor or indorser of your account.

"We hope to have your early reply and trust that you can arrange to give us instructions in accordance with suggestions above outlined.　　　Yours truly,
"THE NORTH BALTIMORE BOTTLE GLASS COMPANY,
　　　　　Per C. M. JACKSON, *Secy.*"

On April 9 plaintiffs sent the following telegram to defendant:

　　　　　"WINFIELD, KAN., April 9, 1902.
"Advise quick earliest possible date you can fill our order as per your letter seventh.　　W. O. JOHNSON."

And the following day they wrote defendant:

　　　　　"WINFIELD, KAN., April 10, 1902.
*"The North Baltimore Bottle Glass Company, Terre Haute, Ind.:*
"GENTLEMEN—We enclose you herewith draft for $400 as per the terms of your letter of April 7, being fifty per cent. or more of the cost of the goods, less freight and cash discount. Would urge that you rush this order with all possible haste as we are in need of these bottles at once.

"We are very much surprised at the manner in which you have treated this order. The terms of your letter would have been complied with at any time had you have called our attention to it, and we were very much surprised when we received your letter of the 7th inst. stating that the order had not yet been shipped.

"We trust, therefore, that you will use every possible effort to get this shipment to us at the earliest possible moment, attaching draft for balance to bill of lading and sending the same to the Cowley County National Bank, Winfield, Kan., where it will be promptly paid upon receipt of shipment.　　　Yours truly,
"Enc. N. Y. draft.　　W. O. JOHNSON & SON."

Defendant wrote plaintiffs in reply:

　　　　　"TERRE HAUTE, IND., April 10, 1902.
*"W. O. Johnson & Son, Winfield, Kan.:*
"GENTLEMEN—We are in receipt of your message of the 10th inst. advising that you have sent draft in to-

day's mail, and we will get your order out as quickly as possible.

"We are sending by mail to-day a sample bottle, our style No. 437, which we believe you will find to be the correct size and shape, as explained to our representative, Mr. James. We have your instructions in regard to the lettering wanted on the bottles and printing on the cases, and as soon as you receive our sample we will thank you to examine the same carefully for shape, size, capacity, etc., and wire us at our expense 'if you find this sample satisfactory.

"As soon as your reply is received we will place your order for cases and get the car out as soon as possible.
Yours truly,
"THE NORTH BALTIMORE BOTTLE GLASS COMPANY,
Per C. M. JACKSON, *Secy.*"

And again, as follows:

"TERRE HAUTE, IND., April 12, 1902.
*"W. O. Johnson & Son, Winfield, Kan.:*
"GENTLEMEN—We are in receipt of your favor of the 10th inst. enclosing draft for $400, which amount we have credited to your account and thank you for the remittance.

"We also have your message of the 12th inst. advising that the shape of our sample bottle is correct. As requested we will increase the length of the body of the bottle $\frac{1}{4}$" and increase the capacity $\frac{1}{2}$ oz. To make this change will require a new mold, but we will commence work on this at once and will ship the bottles at the earliest possible moment.     Yours truly,
"THE NORTH BALTIMORE BOTTLE GLASS COMPANY,
Per C. M. JACKSON, *Secy.*"

This was followed by another letter from defendant, which reads as follows:

"TERRE HAUTE, IND., April 15, 1902.
*"W. O. Johnson & Son, Winfield, Kan.:*
"GENTLEMEN—We have your favor of the 12th inst. confirming your message of same date, and will use your sample bottle as a guide for the length of our bottles.

"We believe we understand your instructions fully and will get the bottles out as quickly as possible.
Yours truly,
"THE NORTH BALTIMORE BOTTLE GLASS COMPANY,
Per C. M. JACKSON, *Secy.*"

Other correspondence passed between the parties with reference to shipment of a portion of the order by freight in order to accommodate plaintiffs, but the foregoing letters are all that have any bearing upon the contract. The bottles and cases were afterward manufactured and shipped to plaintiffs, and received and accepted by them June 6, at which time they paid the balance of the purchase-price without protest. This action was then commenced to recover damages for failure to deliver the goods according to the contract, and plaintiffs alleged that by reason of the failure to deliver the goods on Apri 1 they had suffered injury.

The case was tried by the court without a jury, and judgment was rendered in favor of defendant, to reverse which plaintiffs bring this proceeding in error.

*Hackney & Lafferty*, for plaintiffs in error.

*Roberts & Richardson,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: It is the contention of plaintiffs that the facts disclosed established, as a matter of law, that two contracts were entered into between the parties; that there was a breach of the first contract causing damage to plaintiffs; that afterward a second contract was made and carried out; and that plaintiffs by entering into the second in no manner waived their right to claim damages for the breach of the original contract. On the other hand it is claimed by defendant that the undisputed facts establish, as a matter of law, that there was but one contract, the terms of which were modified by consent of the parties; and that plaintiffs, by consenting to this modification, and their acceptance of the goods, thereby waived all claim for damages for failure to deliver under the terms of the original contract.

It was the duty of plaintiffs, upon the breach of the contract, to use diligence to procure the goods some-

where and thus to minimize any damages for which they expected to hold defendant liable. It was so held in *Lumber Co. v. Sutton,* 46 Kan. 192, 26 Pac. 444. In that case a mere acceptance of the lumber after the specified time for the delivery was said not to constitute a waiver of a claim for damages caused by the failure to deliver in accordance with the terms of the contract. It appeared that the lumber was of such a character as could not be procured in the market at the place of delivery, and that the owners of the buildings for whom it was purchased were daily incurring expense by the failure of the vendor to provide the lumber at the time specified. The court said that under such circumstances it was the duty of the vendees to make the injury as light as possible by taking and using the lumber upon its arrival, and that to have returned the lumber would not have lessened the damages which had already accrued, but would have aggravated the injury and enhanced the vendor's liability.

In *Van Winkle & Company v. Wilkins et al.,* 81 Ga. 93, 104, 7 S. E. 644, 12 Am. St. Rep. 299, which was an action to recover the contract price of machinery sold for a cottonseed-oil mill, the court, in allowing damages resulting from its non-delivery in due time, by way of recoupment, notwithstanding the objection that receiving the machinery was a waiver of such damages, said:

"As to the damages resulting from delay, these had already been sustained when the mill was received; its reception, in so far as it affected them at all, could only hinder more from accruing; it certainly could not increase them. There was no inconsistency between reception of the machinery and retention of the claim for damages on account of delay to furnish it by the time stipulated. To hold that there was a waiver by implication would be very unreasonable." (Page 104.)

It was held error to charge the jury, in an action to recover the purchase-price of building material in which defendant counter-claimed damages sustained by

reason of non-delivery within the time agreed upon, that they had a right to consider whether the receipt of the goods was not a waiver of any claim for damages. (*Gaylord et al. v. Karst,* 17 N. Y. Supp. 720.) In that case the court said that the charge obviously had "no other purport than to instruct the jury that if they found that defendant consented in April to accept future delivery of the building material, which plaintiffs had originally agreed to deliver on the 4th of the previous month, they were at liberty to find further that defendant had thereby waived all claim for damages accruing to him from plaintiffs' default in delivery by the time first appointed; and as this seems to be in direct conflict with the law as declared by the court of appeals in *Ruff v. Rinaldo,* 55 N. Y. 664, and *McMaster v. State,* 108 N. Y. 542, 553, 15 N. E. 417, it is impossible to escape from the conclusion that the charge was erroneous and the exception thereto well taken. That the defendant was prejudiced by this error is a proposition the validity of which is apparent upon its mere assertion, as the error vitally affected the meritorious consideration by the jury of defendant's counterclaim." (Page 721.)

In *Hansen and Hansen v. Kirtley,* 11 Iowa, 565, it was held that the acceptance of the goods after the time fixed for delivery may be considered by the jury as evidence of a waiver of the damages sustained by the delay, but that its weight must depend upon the circumstances of the case.

In the case of *Industrial Works v. Mitchell,* 114 Mich. 29, 72 N. W. 25, which was an action to recover upon notes given for the purchase-price of machinery, defendant sought to recoup damages occasioned by delay in the delivery and for further delay resulting from defects in the machinery. It was held that the mere acceptance of the machinery by the vendee, without protest, after the time specified, and his appropriation of the same to his own use, and even the giving of

notes for the purchase-price, did not constitute a waiver of his right to claim damages for the delay. It was said that circumstances often require a vendee to accept the goods after a specified time or suffer irreparable loss, and that the acceptance in that case amounted to a compulsory one.

In *McMaster v. The State of New York,* 108 N. Y. 542, 15 N. E. 417, the court said:

"The contention that, where there is a breach of contract by one party and the other thereafter is permitted to perform the same in part, receiving the contract price for such part performance, the injured party thereby waives or releases his right to damages for the breach, has no foundation in reason or authority. It is undoubtedly the rule that where one party to a contract breaks the same, the other party may stop and refuse further performance. But instead of doing so he may perform so far as he is permitted and then claim the damages he has suffered from the breach." (Page 533. See, also, *Orange Growers Ass'n v. Gorman,* 76 Mo. App. 184, affirmed in 161 Mo. 203, 61 S. W. 820, 54 L. R. A. 718.)

We think the rule as qualified by many of the cases is correct; that the mere acceptance of a purchased article after the agreed time of delivery does not constitute a waiver of damages for the delay, unless such acceptance is accompanied by other circumstances which manifest an intention on the part of the purchaser to waive such damages. The intention of the parties controls. (24 A. & E. Encycl. of L. 1074, 1161; *Ramsey et al. v. Tully et al.,* 12 Ill. App. 463; *Belcher v. Sellards* [Ky.] 43 S. W. 676.)

It is true that in none of the correspondence on the part of plaintiffs, following the refusal of defendant to deliver the goods, is there any intimation of an intention to hold defendant under the original terms of the contract. Nor, on the other hand, is there any intimation that they intended to waive a claim for damages caused by delay. It is also true that the defendant's letter of April 7 did not stop with a refusal to deliver,

49—74 KAN.

but contained an offer to go ahead provided satisfactory terms were made for the payment of the purchase-price. Plaintiffs adopted the suggestion and arranged for satisfactory terms of payment. Whether we call this a modification of the original or a new contract is not very important. The time for delivery under the original contract had already expired. There had been a breach of the terms of the contract.

All of the evidence which consists of the correspondence between the parties is before us, and we have difficulty in arriving at the same conclusion reached by the trial court in finding for defendant. The court may have erroneously held that the acceptance of the goods was a waiver of any claim for damages for failure to deliver.

There is nothing in the additional circumstances which, in view of all that occurred, warrants the inference that the plaintiffs by acceding to the demand for cash payment intended to waive damages for the breach which had already taken place. Having accepted the order and permitted plaintiffs to rest for several months in the assurance that the goods would be delivered at a certain date, defendant, after the time expired, refused to deliver, placing the refusal upon grounds which under ordinary diligence in business should have been discovered and made known to plaintiffs long before. These circumstances seem to make it unreasonable to hold plaintiffs to have waived any actual damages suffered because they consented to the change in the terms of payment and accepted the goods. The judgment is reversed and the cause remanded for another trial.

All the Justices concurring.