## VICTOR CHEMICAL WORKS v. HILL CLUTCH CO.

(Circuit Court of Appeals, Seventh Circuit.    January 2, 1907.)

No. 1,286.

SALES—CONSTRUCTION OF CONTRACT—PROVISION FOR WAIVER OF DAMAGES.

A provision in a contract for the sale of machinery for a manufacturing plant, which was to be delivered by a specified date, that "the acceptance of this machinery when delivered is understood to constitute a waiver of all claims for damages by reason of any delay," is valid, and, while it was optional with the purchaser to accept or refuse to accept the machinery if delivered after the time limited, his action in receiving, installing, and continuing to use the same when so delivered was an "acceptance," which rendered such provision operative and binding, and he cannot set off a claim for damages caused by the delay in delivery in an action for the purchase money.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

The Victor Chemical Works, plaintiff in error, was the defendant below in an action brought by Hill Clutch Company to recover the balance unpaid upon account of machinery delivered under an express contract. From the judgment entered upon verdict in favor of the latter this writ is prosecuted; and the parties are hereinafter referred to as plaintiff and defendant, respectively, in conformity with their arrangement in the suit below.

The contract was for machinery to be furnished by the plaintiff for equipment of a manufacturing plant, which was in course of erection by the defendant; and was in the form of a written proposal by the plaintiff, with subsequent modifications, acceptance by the defendant, and correspondence on the part of both. No question of fact is presented for review in respect of the terms, time of deliveries, character of the machinery, or other issues. The original proposal was dated April 21, 1902, and states, among other matters, that delivery is to be made "on or about the fourth day of July, 1902 (unless delayed by unavoidable accidents or labor strikes, but named for prompt and immediate acceptance only)." Subsequently the time for "complete delivery" was fixed at July 1st. Delivery was not completed until several months after that date, but the defendant received and put into its plant all the machinery so

furnished. The proposal as accepted distinctly states: "The acceptance of this machinery, when delivered, is understood to constitute a waiver of all claims for damages, by reason of any delay." Error is assigned for rulings upon the meaning and force of this clause.

The defendant averred and offered to prove damages resulting from such delay—in the estimated rental value of the plant ($21,000), of which it was deprived of use pending complete delivery—and the court sustained an objection to this tender of proof under the plea of set-off. Verdict was directed in favor of the plaintiff for the unpaid balance of the contract price, but the bill of exceptions has not preserved all the evidence, so that no reviewable question arises, except it be in the rejection of the above-mentioned offer.

Other assignments of error and facts bearing upon the controversy are stated in the opinion.

George Burry, for plaintiff in error.

Horace Kent Tenney, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge, after stating the facts, delivered the opinion of the court.

The contentions of error upon this writ, except one assignment for the reception in evidence of certain letters, hinge upon the assumed meaning or inoperativeness of a clause of the contract in suit, which reads:

"The acceptance of this machinery, when delivered, is understood to constitute a waiver of all claims for damages by reason of any delay."

As the contract terms were otherwise undisputed in their import—that the plaintiff below was to furnish the machinery specified for equipment of the defendant's manufacturing plant and complete delivery on or before July 1st, for the prices stated—and performance on the part of the plaintiff is unquestionable, aside from delay in delivery, solution of the question raised is within narrow compass. In so far as the testimony is preserved, the record is conclusive that the machinery was made and delivered in conformity to the contract as to kind and quality; that all was received and installed by the purchaser and retained in its plant; that the amount awarded by the verdict and judgment is the unpaid balance of the purchase price; and that the judgment cannot be disturbed, if such acceptance of the machinery operated as a waiver of delay. The circumstances or causes of such delay do not enter into the inquiry; nor are they open to consideration in the absence of much of the testimony.

The object of this waiver provision in the agreement is plain; and it is expressed in terms which are not, as we believe, open to misunderstanding. The executory contract is positive and definite to deliver the machinery for the plant on or before July 1st, "unless delayed by unavoidable accidents or labor strikes." In the event of failure to perform, the defendant was entitled thereunder to recover damages for the breach, unaffected by the waiver clause, except upon its exercise of the option to take the machinery notwithstanding the delay. Under the general rule, in the absence of other agreement, the purchaser may elect either to receive the goods so delayed in delivery, or to reject them, and may sue for the breach in either case, unless the goods are accepted under circumstances which amount to discharge of the con-

tract or waiver of the default. Underwood v. Wolf, 131 Ill. 425, 23 N. E. 598, 19 Am. St. Rep. 40. So the question whether acceptance waives the delay, or other fault in performance, frequently arises in litigation upon contracts for the sale and delivery of goods. The waiver clause referred to is an express provision for that contingency —that "the acceptance of this machinery, when delivered, is understood to constitute a waiver"—and surely the parties may thus agree upon the meaning and effect of conduct which were otherwise open to dispute of such intention. It is contended that the word "acceptance," as there used, must be interpreted in the sense of the general rule referred to, as requiring both retention of the machinery and acknowledgment that the delivery was satisfactory. But such view is untenable, as it violates both letter and spirit of the provision—would nullify its obvious purpose, fairly expressed, and leave it meaningless. The authorities cited to that end are not applicable to this definite agreement, and we are satisfied that the terms "acceptance of this machinery when delivered" were used and understood by the parties in their ordinary sense, as intending receipt and retention of the machinery notwithstanding the delay; and not in the technical sense of "acceptance," with its two meanings (Underwood v. Wolf, supra), on which the contention rests.

Whatever the cause of delay in furnishing the machinery, it is undisputed that the defendant received and installed it upon arrival, and thus waived "all claims for damages by reason of any delay," as expressly provided in the contract. The defendant's tenders, therefore, under the pleas of set-off and recoupment, to prove damages caused by the delay, were rightly overruled, if the provision referred to was operative and bound the defendant as such waiver.

The validity of the waiver clause is challenged upon various general propositions of law which do not call for discussion, as we discover no bearing of either upon these contract terms as above interpreted. The general rule is well settled and conceded that the purchaser under an executory contract of sale may elect, after default upon the part of the seller, to accept the goods notwithstanding, and waive damages for the breach, either in express terms, or impliedly through his conduct in the acceptance; and that such waiver is binding.

Provision in advance to make the waiver certain in the event of acceptance, if delay occurs, is equally within the right of the contracting parties, and when fairly agreed upon is equally binding. While the contract remains executory, the obligations and remedies of the parties are unaffected by the proviso. The seller must perform all the terms, or answer in damages for his default; and the purchaser is required to accept the machinery only when all terms are performed on the part of the seller. All the common-law remedies for breach of the executory contract are preserved for each party; and the agreement is neither uncertain as to the time when delivery is required, nor unilateral in any executory provision. With or without this proviso, the seller may assume to deliver after the time limited by the contract, although, under either form of contract, he cannot require the purchaser to accept it in satisfaction of the contract, nor can the purchaser

enforce specific performance. So, upon the occurrence of the alleged default, no contract right, liability, or remedy of either party was changed by the proviso; and its sole operation was to settle, by mutual agreement, the meaning and effect of an acceptance by the purchaser, if the seller failed to furnish the machinery within the time stipulated and made subsequent delivery. Instead of leaving that contingency open to other arrangement and possible misunderstanding, it was thus agreed in advance that such conjoint action of the parties should serve for the agreement; neither being in any wise bound to such course.

We are of opinion that this provision is not open to the objections urged, either for want of mutuality and consideration or as opposed to public policy, and that no error appears in the rulings thereupon which are complained of—in effect, that damages for the alleged delay were barred by acceptance of the machinery when delivered.

The remaining assignment of error rests upon the introduction by the plaintiff below and reception of certain correspondence between the parties and their purported representatives, pending execution of the contract, which appears to have been offered as tending to excuse the delay in deliveries of the machinery. Under the final rulings of the trial court the issues raised as to delay in the performance were removed from consideration, and, if the admission of these letters were erroneous at any stage, which we do not intimate, the error was not prejudicial, and the assignment thereupon is without force.

The judgment of the Circuit Court is affirmed.