No. 26,615.

J. I. CASE THRESHING MACHINE COMPANY, *Appellee,* v. M. D.
GONDER et al., *Appellants.*

SYLLABUS BY THE COURT.

SALES—*Construction of Contract—Waiver of Delay in Filling Order.* A provision in a contract for the purchase of farm machinery that "acceptance by purchaser is a full waiver of any claim for delays in filling this order arising from any cause" is held to be valid and controlling.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed April 10, 1926. Affirmed.

*Carl Van Riper,* of Dodge City, for the appellants.

*Albert Watkins, Arthur C. Scates,* both of Dodge City, *John S. Kirkpatrick, Oscar D. McCollum* and *Harrison M. Kirkpatrick,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: The defendants executed a written order, containing terms of the contract of sale, for the purchase from the plaintiff, a threshing-machine company, of a harvester-thresher, a four-foot extension, and a grain bin. The plaintiff shipped the thresher and extension, which the defendants accepted. The grain bin was shipped a little later and was also accepted. The defendants executed their notes in accordance with the contract, secured by a chattel mortgage on the articles bought. This action was brought to recover their possession under the mortgage. The defendants answered, claiming a credit on the amount of the lien against the property because of damages suffered by them by reason of the plaintiff's delay in furnishing the machinery, especially in the case of the grain bin. The defendants appeal from a judgment for the plaintiff rendered upon the pleadings and a stipulation concerning some of the facts.

The order was dated at Satanta, Kan., June 9, 1924, and was addressed to the plaintiff at Racine, Wis. It began: "You will please ship or deliver on or before the 10th day of June, 1924 (or as soon thereafter as can furnish for transportation or delivery), to Copeland," in Gray county, Kansas. Obviously no definite time of shipment or delivery was fixed. The thresher and extension appear to have been delivered and accepted on June 19, although this is

Sales, 35 Cyc. p. 185 n. 66; 6 R. C. L. 991.

not definitely stated. The grain bin is stated in the answer to have arrived "some time in July." The defendants' brief says it was delivered "several days" after the thresher.

The plaintiff contends that the defendants, because of their having accepted the goods, cannot effectively assert a claim for damages on account of a delay in the delivery. The defendants argue that in the situation presented no waiver of a claim of that character resulted, quoting this text:

"The better view, however, seems to be that the buyer may accept a delivery after the time stipulated in the contract and still retain, if the circumstances show that it was his intention to do so, his right to claim damages for the failure of the seller to make the delivery in due time."

The rule stated is that generally accepted (2 Williston on Sales, § 486; *Johnson v. Glass Co.*, 74 Kan. 762, 88 Pac. 52), and would doubtless be controlling here if it were not for a specific provision of the contract relating to the matter. The order contained this clause: "Acceptance by purchasers is a full waiver of any claim for delays in filling this order arising from any cause." The validity of such a provision has been upheld. "An express provision in the contract that acceptance will discharge any claim for delay is binding." (Note 20, 2 Williston on Sales, § 487, citing *Victor Chemical Works v. Hill Clutch Co.*, 152 Fed. 393, and *Murray Co. v. Citizens' Oil Mill*, 281 Fed. 699.) In the case last cited the provision of the contract was held to control although the delivery was accepted under protest. We think upon the principle of these cases the decision of the trial court was correct.

The judgment is affirmed.